Opinion
 

 ASHBY, J.
 

 A petition was filed alleging appellant to be a person described by Welfare and Institutions Code section 602 in that on February 19, 1976, he was in the lawful custody of the probation officer of Los Angeles County in a county juvenile hall, and committed to a
 
 *892
 
 county juvenile home, ranch, camp, and forestry camp, to wit, Emergency Care Program at Rancho San Antonio, and did wilfully escape from custody in violation of Welfare and Institutions Code section 871. The petition was found true; appellant was ordered to remain a ward of the juvenile court, and was placed at Camp Paige. We treat the notice of appeal as from the judgment. (See
 
 In re Timothy N.,
 
 48 Cal.App.3d 862, 867 [121 Cal.Rptr. 880];
 
 In re William C,
 
 70 Cal.App.3d 570, 577 [138 Cal.Rptr. 843].)
 

 Welfare and Institutions Code section 871 provides: “Any person under the custody of a probation officer in a county juvenile hall, or committed to a county juvenile home, ranch, camp, or forestry camp, who escapes or attempts to escape from such county juvenile hall, home, ranch, camp, or forestry camp, is guilty of a misdemeanor.”
 

 Appellant’s sole contention is that Rancho San Antonio, the institution from which he escaped, is not a county juvenile hall, nor a county juvenile home, ranch, camp, or forestry camp within the meaning of section 871.
 

 Rancho San Antonio is a residential treatment facility operated by the Brothers of the Holy Cross of the Roman Catholic Church. It is widely used by the juvenile court as a “suitable placement” facility. Currently all the young men placed there were placed by the counties of Los Angeles, Orange, or San Diego; there are no private placements. Its director is Brother Robert McCarthy.
 

 The circumstances by which appellant was placed in custody at Rancho San Antonio are derived from the testimony below, and appellant’s juvenile court file, of which we take judicial notice. (Evid. Code, §§ 452, 453, 459;
 
 People
 
 v.
 
 Hallman,
 
 35 Cal.App.3d 638, 641, fn. 1 [110 Cal.Rptr. 891].) A petition under section 602 based upon a charge of motorcycle theft was sustained against appellant on January 19, 1976. On Februaiy 3, 1976, appellant was ordered placed in the custody of the probation officer for suitable placement at CEDU Foundation. The order provided that appellant remain at juvenile hall pending placement at CEDU. While appellant was awaiting an opening at CEDU, the probation officer authorized appellant’s temporary placement at Rancho San Antonio, Emergency Care Program.
 
 [1]
 
 Appellant entered Rancho San Antonio on February 18, 1976. Sometime shortly after lunch the next
 
 *893
 
 day, February 19, appellant disappeared. He had no permission to leave; Rancho San Antonio had no authority to release him because he was technically detained.
 

 Appellant contends that Rancho San Antonio is not a
 
 “county
 
 juvenile home, ranch, camp, or forestry camp” within the meaning of Welfare and Institutions Code section 871. (Italics added.) The establishment of such juvenile homes, ranches and camps is provided for in Welfare and Institutions Code sections 880-893. Rancho San Antonio does not appear to have the characteristics of such establishments, such as the vesting in the county of complete operation and authority for its administration (Welf. & Inst. Code, § 881), a director “appointed by the probation officer, subject to confirmation by the board of supervisors” (Welf. & Inst. Code, § 882), or construction or operation with public funds. (See Welf. & Inst. Code, §§ 887, 891.)
 

 The trial court took judicial notice that Rancho San Antonio was widely used by the court as a “suitable placement” facility
 
 [2]
 
 and concluded that the Rancho obviously met the standards of the probation department and therefore could be said to have been “established in conjunction with the probation department” as provided in Welfare and Institutions Code section 882.
 
 [3]
 

 We need not determine, however, the validity of the theory suggested by the trial court. Section 871 refers to “[a]ny person under the
 
 custody of a probation officer in a county juvenile hall, or
 
 committed to a county juvenile home, ranch, camp, or forestry camp, . . .” (Italics added.) Appellant was not “committed” to Rancho San Antonio. Rather, he had been ordered placed at CEDU Foundation and was in the custody of the probation officer at juvenile hall pending placement. Detention at juvenile hall pending such placement is authorized by Welfare and Institutions Code section 737. The probation officer merely provided for the temporary detention of appellant at Rancho San Antonio pending
 
 *894
 
 appellant’s placement at CEDU Foundation. Under these circumstances appellant was a “person under the custody of a probation officer in a county juvenile hall” within the meaning of section 871. Contrary to appellant’s contention that escape, statutes are strictly construed, the courts have been inclined to construe such measures in accord with their fair import in a commonsense manner to effect the legislative objectives and promote justice.
 
 (People
 
 v.
 
 Haskins,
 
 177 Cal.App.2d 84, 86-87 [2 Cal.Rptr. 34];
 
 In re Haines,
 
 195 Cal. 605, 621 [234 P. 883].) Commonsense interpretation of such statutes often requires application of the doctrine of constructive custody.
 
 (People
 
 v.
 
 Haskins,
 
 supra;
 
 People
 
 v.
 
 Owens,
 
 236 Cal.App.2d 403, 404 [46 Cal.Rptr. 91];
 
 People
 
 v.
 
 Labrum,
 
 25 Cal.App.3d 105, 108 [101 Cal.Rptr. 602].) Appellant was constructively “under the custody of a probation officer in a county juvenile hall” and therefore the evidence was sufficient to support the trial court’s order sustaining the petition.
 

 The judgment is affirmed.
 

 Kaus, P. J., and Hastings, J., concurred.
 

 [1]
 

 Brother McCarthy’s testimony was cut off before he was able to explain the exact nature of the Emergency Care Program.
 

 [2]
 

 The juvenile court is authorized to commit a dependent child or ward to the care of “[sjome association, society, or corporation embracing within its objects the purpose of caring for such minors, with the consent of such association, society, or corporation.’’ (Welf. & Inst. Code, § 727, subd. (b).)
 

 [3]
 

 WeIfare and Institutions Code section 882 reads: “Such juvenile homes, ranches, camps or forestry camps shall be in charge of a superintendent or director and may be established in conjunction with the probation department, or in any manner determined by the county board of supervisors. Such superintendent or director and other persons employed at such homes or camps shall be appointed by the probation officer, subject to confirmation by the board of supervisors, of the county establishing such homes or camps.’’