[No. B045010. Second Dist., Div. Six. May 1, 1991.]

In re STEVEN E., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
STEVEN E., Defendant and Appellant.

**COUNSEL**

Alison M. Adams, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp and Daniel E. Lungren, Attorneys General, Richard B. Iglehart, Chief Assistant Attorney General, Edward T. Fogel, Jr., Assistant Attorney General, Linda C. Johnson, Roy C. Preminger and Andrew D. Amerson, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**STONE (S. J.), P. J.**—Here we are asked to decide whether an out-of-county licensed group home is a county juvenile hall, county juvenile home, ranch, camp or forestry camp, within the meaning of Welfare and Institutions Code section 871.[1] We hold that it is not and reverse the order sustaining the petition filed May 10, 1989, finding that the minor violated section 871.

Steven E. appeals from the order continuing wardship entered following findings that the prior dispositions were ineffective.[2] (§§ 602, 777.) He was ordered placed at Los Prietos Boys Camp for a maximum term of eight years and contends that the judgment sustaining the February 14th petition

---

[1] All statutory references hereinafter are to the Welfare and Institutions Code unless otherwise specified.

[2] Appellant's request to amend the notice of appeal, filed June 12, 1990, is hereby granted.

should be reversed on the 871 allegation because Boys Republic is not a county juvenile hall or county juvenile home, ranch, or camp within the meaning of section 871 and that the court incorrectly aggregated the maximum attributable confinement time.[3]

The record reflects that in October 1986 and December 1988 the court sustained petitions alleging that he committed robbery (Pen. Code, § 211), and in March 1987 that he committed felonious assault (Pen. Code, § 245, subd. (a)(1)). He was permitted to remain home under probationary supervision after the 1986 and 1987 petitions. The juvenile court ordered him placed in Boys Republic on January 17, 1989.

On February 14, 1989, a supplemental petition was filed pursuant to sections 777/602 alleging that the court's previously ordered disposition was ineffective in appellant's rehabilitation. It alleged that on February 3 he had escaped from Boys Republic, in violation of section 871. The court found true the allegation that the previous disposition was ineffective and continued the issue whether appellant violated section 871. On April 28 the court ordered him placed at the P and V Group Home. The matter was subsequently continued to May 30.

Another supplemental petition was filed on May 10, 1989, alleging that the previous disposition had been ineffective in appellant's rehabilitation in that he escaped from the P and V Group Home on April 30, further alleging a violation of section 871 and a violation of Penal Code section 166, subdivision (4), in that he disobeyed an order of the juvenile court by failing to remain at placement.

At a contested jurisdictional hearing August 8, 1989, on both the February 14 allegation of escape and the May 10 petition, appellant argued that he had been confined in group homes which did not fall under the definition of section 871.[4] The court found that appellant violated section 871 as to both petitions and the previous disposition had been ineffective.

---

[3] Due to our ruling on the first issue, we need not discuss his assertion that he was not properly advised of his constitutional rights.

[4] The court stated: "In looking at 871 it does specifically talk about a juvenile home. And . . . you are correct that when you look over at 880, that talks about standards and the criteria for 880 and 881 for providing appropriate facilities in the local counties and in the adjoining counties. We, in this county, do not have a juvenile home that was established by the Board of Supervisors and created for the purpose of keeping children local, with the exception of transitions facilities and the county temporary residential shelter facilities. . . .

"As to the 871 issue, however, I can not believe that it is in the contemplation of the Legislature that a young gentleman like [appellant] who's on probation, who has been ordered to the custody of the probation officer for suitable placement, can leave that placement without suffering a consequence for the violation of probation. I believe that's what 871 is designed to address. 871 does not clearly encompass the types of the homes involved under 727, but Steven wasn't in one of those homes under 727. It would be nice to know whether anybody

At the dispositional hearing on August 29, 1989, the court ordered appellant placed at Los Prietos Boys Camp for a theoretical maximum term of eight years, apparently based upon the previous petitions, and stayed confinement time attributable to the escape findings "until there's been a resolution" of the issue of the propriety of the findings of section 871 violations by the Court of Appeal.[5]

## DISCUSSION

Boys Republic is a group home licensed by the California Department of Social Services and P and V is a group home whose licensing status is not apparent in the record. The parties and court agreed that neither of these out-of-county placements was strictly a section 871 placement, but the court opined that a group home was consistent with the enumerated facilities of section 871. Because neither Boys Republic nor P and V Group Home is located in San Luis Obispo or is a county juvenile home, ranch, or camp, appellant urges that he cannot statutorily be found guilty of escape merely because he ran away from these placements.

Section 871 provides that "(a) Any person under the custody of a probation officer or any peace officer in a county juvenile hall, or committed to a county juvenile home, ranch, camp, or forestry camp, or any person being transported to or from a county juvenile hall, home, ranch, camp, or forestry camp, who escapes or attempts to escape from that place or during transportation to or from that place, is guilty of a misdemeanor, punishable by imprisonment in the county jail not exceeding one year."

■ "The fundamental principle of statutory interpretation is to ascertain the legislative intent in order to effectuate the purpose of the law." (*People* v. *Martinez* (1987) 188 Cal.App.3d 1254, 1258 [233 Cal.Rptr. 877]; *People* v. *Overstreet* (1986) 42 Cal.3d 891, 895 [231 Cal.Rptr. 213, 726 P.2d 1288].) We construe the statute by referring to the entire statutory system of which it forms a part to achieve harmony among the various provisions. (*Martinez, supra,* at p. 1258; *People* ex rel. *Younger* v. *Superior Court* (1976) 16 Cal.3d 30, 40 [127 Cal.Rptr. 122, 544 P.2d 1322].) When the language is

---

thinks that 871 ought to go so far as to cover foster home placement and suitable licensed community care facility placements, but those clearly aren't covered by 871 either. [¶] I am left in a place where I don't feel I have clear guidance from either the Legislature or the Courts . . . . I am going to, however, find that the placement that [appellant] escaped from seems to most consistently fit with 871 placement . . . ."

[5] Appellant has since been committed to the California Youth Authority (CYA). The amended commitment order indicates that the theoretical maximum term of confinement is seven years, five months, including five years for the 1986 robbery, one year each for the 1988 robbery and the felonious assault, four months for escape and one month for a subsequent finding that he violated Penal Code section 415, subdivision (1).

clear and unambiguous, there is no need for construction, and courts should not indulge in it. (*Martinez, supra,* at p. 1258; *Overstreet, supra,* at p. 895.)

■ Respondent asserts that both appellant's placements were substitutes for a county institution and claims as authority for the court's substituting a placement for one authorized by the statute a sentence from *In re Michael D.* (1989) 214 Cal.App.3d 1610 [264 Cal.Rptr. 476]. In *Michael D.,* the reviewing court held that section 871 does not apply to an escape from one's own home after an early release on the home confinement program. In so ruling, it stated, "[u]nder Welfare and Institutions Code section 871 a person must be not only under the custody of a probation officer or a peace officer, he or she must also be 'in a county juvenile hall, or committed to a county juvenile home, ranch, camp or forestry camp,' and must escape or attempt to escape 'from that place.' Here minor had been released to his own home, not a county institution, *nor any substitute for a county institution.*" (*Id.,* at p. 1615.) (Italics added.)

The court's comment "nor any substitute for a county institution" was in response to an argument made by respondent in *Michael D.* that the minor was in constructive custody as construed in *In re Ernest M.* (1977) 71 Cal.App.3d 890 [139 Cal.Rptr. 773]. However, the reviewing court in *Ernest M.* held that the minor therein, who was committed to the custody of the probation officer for suitable placement in CEDU Foundation and placed temporarily by his probation officer at Rancho San Antonio, a residential treatment facility was constructively under the custody of a probation officer in a county juvenile hall when the minor escaped from Rancho San Antonio. (71 Cal.App.3d at p. 894.) The reviewing court in *Ernest M.* noted that the trial court took judicial notice that Rancho San Antonio was customarily used by the court as a "suitable placement" facility and "could be said to have been 'established in conjunction with the probation department' as provided in Welfare and Institutions Code section 882." (*Id.,* at p. 893, fn. omitted.) The reviewing court in *Ernest M.* did not determine the validity of that theory since it found the minor in the custody of the probation officer at juvenile hall pending placement. (*Id.,* at p. 893.)

Similarly, the reviewing court in *Michael D.* did not determine the validity of that theory but found *In re Ernest M.* factually distinguishable since the minor in *Michael D.* was not "constructively in the custody of the probation officer in a county juvenile facility when he was in his parent's home." (214 Cal.App.3d 1610, 1615.)

The crime of escape as defined in section 871 is entirely statutory and thus that section must be strictly construed. (*In re Michael D., supra,* 214 Cal.App.3d 1610, 1614.) Articles 23 and 24 of the Juvenile Court Law (§§

850-872 and 880-893) discuss establishment and maintenance by the counties of juvenile facilities such as homes, ranches, camps, or forestry camps. By its plain wording, section 871 does not contemplate an escape from a facility not provided and maintained by the county nor does it purport to punish such conduct. (See *In re Michael D., supra*, 214 Cal.App.3d at p. 1615.) As is conceded, appellant did not escape from a county institution.

Respondent's argument is similar to that posed and rejected in *People* v. *Martinez, supra*, 188 Cal.App.3d 1254, 1260, i.e., that the intent of the legislature is to punish youths who escape from facilities utilized by a county without comparable facilities. Nonetheless, " '. . . the crime of escaping or attempting to escape is purely statutory, and in the absence of a statute authorizing punishment for such act by any prisoner . . . there would be no legal authorization for maintaining a prosecution against a prisoner for such conduct.' " (*Id.*, at p. 1260.)

If the Legislature intends to punish youths who escape from group homes which are not county institutions, it can easily so provide. It is not for the courts to judicially create "suitable alternative placements" or "authorized substitutes" for statutorily enumerated county institutions, escape from which have been made criminal. When appellant made his unauthorized departures from Boys Republic and P and V Group Home, he may have violated previous court placement orders and demonstrated his prior placements were ineffective or unsuitable, but he did not commit a new crime.

Appellant's contention that the juvenile court improperly calculated the maximum term of confinement is unavailing. Although the eight-year term was erroneously calculated, appellant has since been committed to the California Youth Authority, and the seven-year, five-month theoretical maximum term of confinement was properly calculated.

The judgment must be reversed on the escape charge, and the commitment order to CYA amended to delete the four months imposed thereon.

Gilbert, J., and Yegan, J., concurred.