Filed 5/29/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| JOSHUA P., | B253564 |
| Petitioner, | (Los Angeles County Super. Ct. No. FJ48628) |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| THE PEOPLE OF THE STATE OF CALIFORNIA, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS in mandate. Donna Groman, Judge. Petition granted.

Ronald L. Brown, Public Defender, Albert J. Menaster, Veronica Ramos, and Michael A. Theberge, Deputy Public Defenders, for Petitioner.

Frederick R. Bennett, for Respondent.

No appearance for the Real Party in Interest.

_____

In a juvenile delinquency proceeding on one of many petitions filed against Joshua P. over the course of three years, the juvenile court relieved the Public Defender of Los Angeles County as Joshua's counsel because it believed he was entitled to "continuous representation" by a conflict attorney who had been appointed on an earlier juvenile petition.

In this writ of mandate petition, Joshua challenges the court's removal of the public defender as his attorney. The superior court opposes the petition, contending: (1) The public defender may not represent a minor in delinquency proceedings unless appointed by the court; (2) the public defender may not make contact with a minor who is a ward of the court outside the presence of previously appointed conflict counsel; and (3) a conflict attorney appointed on a prior petition must be re-appointed on any subsequent petition.

We conclude that when a minor, who in earlier juvenile proceedings was represented by a conflict attorney and declared a ward of the court, is charged in a subsequent petition, the public defender must re-evaluate the minor's situation and offer representation if the conflict no longer exists and other statutory requirements are met. That representation must commence immediately, before arraignment, and the court may not appoint private counsel to replace the public defender absent a showing that the public defender is unavailable. Accordingly, we grant the petition and direct the juvenile court to vacate its order removing the public defender as Joshua's counsel.

## BACKGROUND

### 1. First Petition

Joshua P. was born on November 5, 1997. On March 15, 2011, he was charged in a juvenile court delinquency petition (Welf. & Inst. Code, § 602) with two counts of misdemeanor assault with a deadly weapon, a pellet gun. (Pen. Code, § 245, subd. (a)(1).) The Public Defender of Los Angeles County declared a conflict and a private attorney, Randolph Sortino, was appointed. Joshua admitted the allegations, the petition was sustained, and on March 30, 2011, he was declared a ward of the court and released

2

to his mother's care and custody, under a probation officer's supervision, subject to various probation conditions.

Two months later Joshua violated probation by going missing from home. On May 24, 2011, he was removed from his mother's custody and placed with Boys Republic, a licensed group home. (*In re Steven E.* (1991) 229 Cal.App.3d 1162, 1165.) Joshua was represented in the proceedings by J. Borges, a private attorney. In October 2011, after "moderate" compliance with the case plan, Joshua was moved to a different group home. Attorney Borges represented him in these proceedings and again at the 15-day review hearing in November 2011 and the progress report hearing in February 2012. On April 3, 2012, Joshua violated the conditions of his probation and was removed from the group home and placed in a camp setting. Attorney Borges represented him at these proceedings, at further violation proceedings held in May 2012 (where 10 days were added to Joshua's camp term), and at the 120-day review hearing in August 2012, at which Joshua was ordered released from camp on November 21, 2012.

At progress hearings held in December 2012 and March 2013, Attorney Borges was replaced by A. Govea, another private attorney. On March 29, 2013, the juvenile court admonished Joshua about his grades and modified his probation conditions by ordering that he not possess any dangerous or deadly weapon or associate with anyone who was unlawfully armed.

2.    Second Petition

On May 17, 2013, the district attorney filed another delinquency petition, charging Joshua with one felony count of possession of a weapon—a locking blade knife—on school grounds. (Pen. Code, § 626.10, subd. (a)(1).) The public defender again declared a conflict and Attorney Govea was appointed. Joshua initially denied the allegation but on June 12, 2013, admitted it, and was removed from his mother's custody and placed in a juvenile camp setting for three months. The probation conditions imposed on May 24, 2011 and March 29, 2013 were ordered to continue in effect. Joshua completed three months at camp, performed community service, and on October 3, 2013, was released to

3

his mother's custody under continuing probation requirements. A progress hearing was calendared for January 2014.

3.      Third Petition

Joshua was arrested 18 days later, on October 21, 2013, and on October 23 the district attorney filed a third petition against him, alleging felony possession of metal knuckles (Pen. Code, § 21810) and theft of an access card or account information (Pen. Code, § 484, subd. (e)). The public defender determined the prior conflict of interest no longer existed and was appointed, represented by Deputy Public Defender M. Sandoval. Joshua was detained at juvenile hall for a week, but then released to his parents. A trial setting conference was set for January 2014.

4.      Fourth and Fifth Petitions and Welfare and Institutions Code Section 777 Notice

Nine days after his release from juvenile hall, on November 6, 2013, Joshua was arrested for vandalism and possession of spray paint. (Pen. Code, § 594, subds. (a) & (e)(1).) He was arrested again five weeks later, on December 13, 2013, for unlawful alteration of an imitation firearm (Pen. Code, § 20150, subd. (a)). On December 16, 2013, the district attorney filed a one-count petition on the imitation firearm charge. On December 17, the district attorney filed two documents: A fifth petition, alleging two counts of misdemeanor vandalism and one count of possession of an aerosol paint container with intent to deface; and a notice of and petition for probation revocation proceedings under Welfare and Institutions Code section 777.

The probation revocation hearing and arraignment on the December 16 and 17 petitions all occurred at one hearing on December 17, 2013. For the probation revocation portion of the hearing, Joshua was represented by Manuel J. Martinez, appearing for Attorney Govea.

Before the hearing, Joshua met with Deputy Public Defender Veronica Ramos and asked that she represent him on the December 16 and 17 petitions. She agreed to do so. However, at the hearing the juvenile court sua sponte disqualified the public defender over Ramos's objection and instructed Attorney Martinez to represent Joshua on the December 16 and 17 petitions in addition to the probation revocation proceeding, stating,

4

"I can't have two attorneys on one case. The minor's entitled to continuous representation by the attorney that has been representing him all this time, and I am not going to relieve that attorney at this time. There's no cause for that."

Joshua was ordered detained in juvenile hall, and the matter was set for a pre-plea report on January 7, 2014.

On January 7, 2014, the district attorney filed another Welfare and Institutions Code section 777 probation violation notice. Joshua, represented by Martinez, admitted to one count of misdemeanor vandalism alleged in the December 17 petition in return for dismissal of the other two counts and dismissal of the December 16 petition and the December 17 and January 7 section 777 petitions. He was ordered placed at Sierra Ridge academy, near Sacramento, for a period not exceeding four years. The parties were ordered to return on June 9, 2014, for a status review hearing.

On January 8, 2014, Joshua, represented by the public defender, appeared for a trial setting conference on the October 23, 2013 (third) petition, at which an adjudication hearing was set for January 30, 2014.

To summarize, the record reflects Joshua was represented by private attorney Randolph Sortino in March 2011; by John Borges, also a private attorney, from May 2011 to August 2012; by Govea from December 2012 to October 2013; and by Martinez on December 17, 2013 and January 7, 2014. The public defender, via deputy M. Sandoval, represented Joshua on October 24 and 28 and November 25, 2013, and January 8, 2014.

On January 9, 2014, Joshua petitioned this court for a writ of mandate directing the superior court to reinstate the public defender as his counsel. We ordered juvenile court proceedings stayed and issued an order to show cause why the petition should not be granted.

## DISCUSSION

Joshua contends the juvenile court acted in excess of its jurisdiction and abused its discretion in declining to appoint the Office of the Public Defender as his counsel.

5

The public defender is required by statute to determine whom to represent. Government Code section 27706, subdivision (a), provides that "[u]pon request of the defendant *or* upon order of the court, the public defender shall defend . . . any person who is not financially able to employ counsel and who is charged with the commission of any contempt or offense triable in the superior courts at all stages of the proceedings, including the preliminary examination." (Italics added.) This duty extends to juvenile proceedings. (Gov. Code, § 27706, subds. (a), (e) & (g); Welf. & Inst. Code, §§ 634, 700.) "In determining whether to provide the services of his office, the public defender 'exercises an original power vested in him by statute, not superior to but coequal with the power of the court' to determine whether a person is entitled to be represented by the public defender. [Citation.] The 'Upon request' condition of section 27706, subdivision (a), is an important alternative circumstance to formal court appointment to entitle a person to representation by the public defender and cannot be read out of the statute . . . ." (*In re Brindle* (1979) 91 Cal.App.3d 660, 681.) Not only is appointment by the court not required, the court "cannot challenge the public defender's decision that a person is entitled to be represented by him . . . ." (*Id.* at p. 681.) The public defender must render legal services to a person who is financially unable to employ counsel "until such time" as the court determines the person is not indigent. (Gov. Code, § 27707.)

Analogously, the trial court must "first utilize the services of the public defender to provide criminal defense services for indigent defendants" unless the public defender is unavailable or a conflict exists. (Pen. Code, § 987.2, subd. (d); *Craig S. v. Superior Court* (1979) 95 Cal.App.3d 568, 572.)[1] "The laws governing the priority appointment of

---

[1] Subdivision (d) of Penal Code section 987.2 provides: "In a county of the first, second, or third class [Los Angeles is a county of the first class (Pen. Code, §§ 28020, 28022)], the court shall first utilize the services of the public defender to provide criminal defense services for indigent defendants. In the event that the public defender is unavailable and the county and the courts have contracted with one or more responsible attorneys or with a panel of attorneys to provide criminal defense services for indigent defendants, the court shall utilize the services of the county-contracted attorneys prior to assigning any other private counsel. Nothing in this subdivision shall be construed to require the appointment of counsel in any case in which the counsel has a conflict of

the public defender are clearly set forth in Government Code section 27706 and Penal Code section 987.2, eliminating any void compelling the application of discretion. Those statutes provide that a court must first utilize the services of the public defender in providing criminal defense services for indigent defendants, if the public defender is available to try the matter." (*Williams v. Superior Court* (1996) 46 Cal.App.4th 320, 329.) Penal Code section 987.2 "clearly limits the authority of the court to compensate assigned counsel to situations in which there is no public defender, or the public defender is unable because of a conflict of interest or other reasons to act." (*Charlton v. Superior Court* (1979) 93 Cal.App.3d 858, 863.)

Here, before the arraignment hearing on December 17, 2013, Joshua P. requested that the public defender represent him. The public defender determined Joshua was financially unable to employ counsel and agreed to represent him, thereby becoming his proper counsel for the arraignment. The juvenile court had no power to remove the public defender absent a showing that Joshua was not indigent or a conflict existed. No such showing was made. The court therefore abused its discretion when it removed the public defender in favor of a private attorney.

Respondent argues the public defender may not render legal services until a court determines the defendant or juvenile is indigent. The argument is without merit. Government Code section 27707 provides that a court "may make the *final* determination in each case as to whether a defendant or person described in Section 27706 is financially able to employ counsel and qualifies for the services of the public defender" (italics added), but the public defender must make the initial determination of financial necessity. Section 27707 obligates the public defender to render legal services to "any person *the public defender* determines is not financially able to employ counsel *until such time as a contrary determination is made by the court*." (*Ibid*., italics added.) The public defender may decline or terminate representation only after such a contrary determination is made.

interest. In the interest of justice, a court may depart from that portion of the procedure requiring appointment of a county-contracted attorney after making a finding of good cause and stating the reasons therefor on the record."

7

(*Ibid*.)  Here, the public defender properly evaluated Joshua's financial means before arraignment on the December 16 and 17 petitions, and the juvenile court made no determination that Joshua had the financial means to employ counsel.

Similarly, respondent argues the public defender may not contact a minor who, as here, has been declared a ward of the court and is represented by court appointed conflict counsel, and negotiate and arrange to represent the minor without intervention of the court.  Respondent cites to no authority supporting the argument, and we are aware of none.  On the contrary, as stated, Government Code section 27706 expressly obligates the public defender to render legal services "upon request" to an indigent defendant or juvenile at all stages of criminal or juvenile proceedings.  The statute makes no exception for a juvenile who has been declared a ward of the court or who is represented in other proceedings by private counsel.

The juvenile court removed the public defender in favor of a private attorney because it believed Joshua was "entitled to continuous representation," and because it apparently felt two attorneys appearing for Joshua would be improper.  No "continuity of representation" exception permits the court to circumvent Government Code section 27706, which, as seen, obligates the public defender to represent indigent defendants "upon request," or Penal Code section 987.2, which obligates the trial court to "first utilize the services of the public defender."  And nothing in the record suggests representation of Joshua by Attorney Martinez on the section 777 petition and by the public defender on the December 16 and 17 petitions would have been improper.

Respondent argues the principal of continuity of representation finds support in Welfare and Institutions Code section 634.6 and the California Rules of Court, rule 5.663, subdivision (b).  Section 634.6 provides:  "Any counsel upon entering an appearance on behalf of a minor shall continue to represent that minor unless relieved by the court upon the substitution of other counsel or for cause."  Rule 5.663 provides in pertinent part, "A child's counsel is charged in general with defending the child against the allegations *in all petitions* filed in delinquency proceedings and with advocating, within the framework of the delinquency proceedings, that the child receive care,

8

treatment, and guidance consistent with his or her best interest. [¶] . . . A child is entitled to have the child's interests represented by counsel at every stage of the proceedings, including postdispositional hearings. Counsel must continue to represent the child unless relieved by the court on the substitution of other counsel or for cause." (Cal. Court Rules, rule 5.663, subs. (b) & (c), italics added.) Respondent apparently argues that counsel's obligation to represent the child against allegations "in all petitions" means counsel appointed to represent the child on a prior petition must be retained on every subsequent petition.

The argument is without merit. Both Welfare and Institutions Code section 634.6 and rule 5.663 provide that counsel must continue to represent a child only until "relieved by the court upon the substitution of other counsel." Both provisions thus contemplate discontinuity of representation, and neither intimates any disfavor for substitution of counsel, even in juvenile delinquency proceedings. In particular, neither section 634.6 nor rule 5.663 sets forth any policy contravening the clear mandate set forth in Government Code section 27706 and Penal Code section 987.2 for representation of indigent defendants—and juveniles—by the public defender.

Citing a practice guide and a 1990 letter to an Assembly member from the California Attorneys for Criminal Justice, respondent argues a minor's interests are best served by continuity of counsel, not only to avoid dual representation and possible conflicting legal advice but also to afford a measure of consistent quasi-parental oversight and stability. When a minor is subject to several petitions, respondent argues, there is a need for counsel and the court to keep track of the minor's progress or lack thereof, monitor whether court ordered programs are succeeding or failing, and determine when new programs should be tried or terms of confinement extended. Respondent argues the status of the court and counsel is akin to that of a parent, and a minor benefits from the consistency and familiarity conveyed by a constant parental presence, as opposed to a varied and inconsistent presence. Respondent observes that here, Joshua was notified by the district attorney on December 17, 2013 that "the People seek to have him confined on all sustained counts of this petition, other petitions currently before the court, and all

9

previously sustained petitions with detention time remaining." Accordingly, respondent observes, all petitions concerning Joshua remained at issue at the December 17 hearing.

We endorse the principles of continuous and consistent oversight of a minor by the juvenile delinquency bar. But removal of—or refusal to appoint—the public defender does not serve those principles in the abstract and did not serve them here.

First, we accept that the principle of continuity requires that a minor be represented by some lawyer at every stage in juvenile proceedings, including postdisposition. But the principle says nothing about who that lawyer should be or whether it should always be the same one. On the contrary, as stated above, both Welfare and Institutions Code section 634.6 and the California Rules of Court, rule 5.663 expressly anticipate, with no intimation of disfavor, substitution of attorneys. There is, however, another principle that suggests who the lawyer should be—the principle that indigent juveniles should be represented by the public defender whenever possible.

Second, assuming a minor would benefit from whatever consistency and stability might arise from continuous representation by the same lawyer or law firm over the years, the goals of consistency and stability would be better served by appointment of the public defender than a private firm. The public defender's office is one law firm. Private attorneys are many. Even the conflict panels in use in Los Angeles County number more than one firm. Respondent fails to explain how continuity would be better served here by appointment of Attorney Martinez, who had never before represented Joshua, than the public defender, who had. Indeed, respondent undercuts its own argument by suggesting the public defender's office should continue to represent Joshua on the third petition, filed on October 23, 2013, because it was filed in Compton, whereas all other petitions were filed and heard in the Eastlake District. For respondent to advance such a proposition is to abandon its continuity argument.

From March 2011 to October 2013 Joshua was represented by three different private attorneys and one deputy public defender  On December 17, 2013, a fourth private attorney, Martinez, appeared for the probation revocation hearing because that proceeding stemmed from the first and second petitions, as to which the public defender

10

had declared a conflict. But no rational basis existed to prefer Martinez over the public defender on the fourth and fifth petitions. Given the statutory mandate favoring the public defender, the court's refusal to appoint him here, and its removal of him, constituted an abuse of discretion.

## DISPOSITION

The petition for writ of mandate is granted. Respondent court is ordered to set aside its order disqualifying the public defender from representing petitioner and enter a new order appointing the public defender.

TO BE PUBLISHED.

CHANEY, J.

We concur:

ROTHSCHILD, Acting P. J.

JOHNSON, J.

11