Filed 3/11/16  In re I.C. CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re I.C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>I.C.,<br><br>Defendant and Appellant. | C078353<br><br>(Super. Ct. No. JV134675) |

Committed to the Department of Corrections and Rehabilitation, Division of Juvenile Facilities, (DJF) the minor, I.C., appeals, contending he is entitled to additional predisposition credit for time spent in custody on all previously sustained petitions.  The minor contends the juvenile court aggregated his period of physical confinement on multiple petitions.  In the alternative, if the juvenile court did not aggregate the petitions and only sentenced on one offense, the minor contends the written order of commitment must be amended to delete reference to the previously sustained petitions for it to reflect only the petition on which the court set the maximum period of confinement.  Lastly, the parties agree the minor is entitled to five additional days of credit due to a calculation

1

error. We conclude the record does not support the minor's contention that the juvenile court aggregated the periods of confinement for the multiple petitions. Rather, the juvenile court sentenced the minor to serve the maximum period of confinement on one offense. We also conclude there is no need to amend the court's written commitment order. Finally, we agree with the parties that the minor is entitled to five additional days of credit. We modify the commitment order accordingly. In all other respects, we affirm the order.

FACTS

In January 2013, the minor was adjudged a ward of the court for committing vandalism. In May 2013, the minor was continued as a ward for grand theft. In September 2013, he was again continued as a ward for being an accessory after the fact and misdemeanor assault by means of force likely to produce great bodily injury (GBI). In April 2014, the minor admitted that on February 11, 2014, he committed grand theft and assault by means of force likely to produce GBI. At the April hearing, the minor was advised the aggregate maximum term of confinement was six years eight months.

Dispositions progressed and included probation, home supervision, juvenile hall, electronic monitoring, work project, and two in-state (Level A) placements: Boy's Republic and Rite of Passage. On June 24, 2014, while in the second Level A placement (Rite of Passage), the minor violated probation when he battered a group-home staff member and continued to use profanity, racial slurs, and gang expressions despite directives from group home staff to stop. After being terminated from Rite of Passage, the minor was confined in juvenile hall where he was involved in numerous incidents.

The probation department recommended the minor be committed to DJF since all available rehabilitation resources had been exhausted and the minor had been rejected by out-of-state (Level B) placement facilities. The probation department also recommended a total confinement time of six years eight months based on all the sustained petitions. The prosecutor disagreed with probation's recommendation and requested the minor be

committed to DJF for a total confinement time of four years for the February 2014 assault offense.

At the disposition hearing on January 13, 2015, the minor was advised the aggregate maximum term of confinement was six years eight months. In its ruling, the juvenile court noted "[the prosecutor's] argument and request that the maximum time be, in fact, limited to that for the [February 11, 2014 assault offense], that being four years and not the overall aggregate time of six years eight months as previously noted and recommended by [the probation department]." The court committed the minor to DJF "for a maximum confinement term of four years not to exceed, obviously, the statutory limitation of 23." As to custody credits, the court asked for the number of total days of credit tied to the February 11, 2014 assault offense. Based on that calculation, the court ordered 305 days of custody credits. The minor filed a timely notice of appeal.

On January 30, 2015, the juvenile court recalled the matter to consider a possible out-of-state placement (Level B). On February 10, 2015, the court concluded the out-of-state placement would not be appropriate and continued the DJF commitment, noting the minor had an additional 28 days of credit since January 13, 2015. The minor filed a timely notice of appeal.

DISCUSSION

In calculating the minor's maximum period of confinement, a minor is entitled to credit for actual time spent in physical confinement on the allegations. (*In re Lorenzo L.* (2008) 163 Cal.App.4th 1076, 1079; *In re Eric J.* (1979) 25 Cal.3d 522, 536.) A minor is entitled to credit from the day the minor is arrested to the day of sentencing. A partial day is treated as a full day. If a juvenile court elects to aggregate a minor's period of confinement on multiple petitions, the court must award predisposition custody credits relative to the multiple petitions. If a juvenile court elects not to aggregate, the court may not award credits attributable to those petitions. (Welf. & Inst. Code, § 726, subd. (d)(3);

3

*In re A. M.* (2014) 225 Cal.App.4th 1075, 1085-1086; *People v. Smith* (1989) 211 Cal.App.3d 523, 525-527; *In re Ricky H.* (1981) 30 Cal.3d 176, 185.)

The record does not support the minor's contention he is entitled to predisposition credit on all the previously sustained petitions. The juvenile court set a four-year maximum physical confinement period, a term relative to the February 2014 assault offense. In its oral ruling, the juvenile court rejected the probation department's recommendation to impose the aggregate maximum period of confinement and instead imposed the maximum period of confinement for the February 2014 assault offense. The custody credits awarded also reflect the time served relative to the February 2014 assault offense.

Contrary to the minor's claim, the juvenile court did not err in advising the minor of a *potential* maximum disposition of an aggregate term of six years eight months. The minor was advised of the six-year-eight-month maximum when he admitted the February 2014 assault offense. (See Welf. & Inst. Code, § 700 [juvenile court advises of potential consequences of petition].) At the January 13, 2015 hearing, the juvenile court noted the minor had been advised of the aggregate maximum confinement period when he entered his admission for the February 2014 assault offense.

The juvenile court's written commitment order (Judicial Council Forms, form JV-732) does not support the minor's contention that the juvenile court aggregated the period of confinement on the multiple petitions. The fact the form provides a space to list all of the sustained petitions does not mean the court aggregated the time for the maximum physical confinement period. In fact, the terms for the various offenses in the other sustained petitions, although listed, have not been added together (added together equals six years eight months). Further, a separate space on the form shows the maximum period of physical confinement to be four years.

We conclude the minor is not entitled to credit for time spent in custody on the previously sustained petitions because the juvenile court did not aggregate the time for the offenses in those petitions.

In the alternative, if the juvenile court did not aggregate the petitions and only sentenced on one offense, the minor contends the written order of commitment must be amended to delete reference to the previously sustained petitions to reflect only the petition on which the court set the maximum period of confinement. The minor claims the form as prepared may be "misleading" to the parole board. We reject his contention. As explained above, the form is consistent with the juvenile court's order.

Lastly, we agree with the parties that the minor is entitled to five additional days of credit. On January 13, 2015, the juvenile court awarded 305 days of custody credits against the four-year confinement period.[1] The minor was arrested for the assault offense on February 11, 2014, and was committed to DJF on January 13, 2015, a period of 337 days. However, the minor lost credit for time spent in non-secure facilities and for absconding.[2] On May 8, 2014, the minor was transferred from juvenile hall and placed at Boy's Republic, a non-secure facility. He absconded on May 18, 2014, and was caught on May 21, 2014. The minor lost 12 days of credit for this period (May 9 to 20). On June 16, 2014, the minor was transferred from juvenile hall and placed at Rite of Passage, a non-secure facility. He remained there until July 2, 2014, when he returned to juvenile

---

[1]     Although the issue of custody credits was not raised in the juvenile court, the minor is not barred from raising the issue for the first time on appeal. (*In re Antwon R.* (2001) 87 Cal.App.4th 348, 350-353.)

[2]     Since neither Boy's Republic nor Rite of Passage is a facility of physical confinement, the minor is not entitled to credit for days spent in these facilities. (Welf. & Inst. Code, § 726, subd. (d)(5); *In re Randy J.* (1994) 22 Cal.App.4th 1497, 1502; *In re Steven E.* (1991) 229 Cal.App.3d 1162, 1165; *In re Harm R.* (1979) 88 Cal.App.3d 438, 441-442.)

hall. The minor lost 15 days of credit for this period (June 17 to July 1). Thus, the custody time for the February 2014 offense totals 310 actual days. We modify the order of commitment to provide for five additional days of credit.

DISPOSITION

The order of commitment is modified to provide for five additional days of credit. The juvenile court is directed to prepare an amended commitment order reflecting five additional days of credit and to forward a certified copy of the amended commitment order to the Division of Juvenile Facilities. As modified, the order is affirmed.

/s/
HOCH, J.

We concur:

/s/
ROBIE, Acting P. J.

/s/
BUTZ, J.