Filed 10/20/20  P. v. Kohut  CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>JONATHAN JOSEPH KOHUT,<br><br>　　　Defendant and Appellant. | D075492<br><br><br>(Super. Ct. No. INF055931 ) |

APPEAL from a judgment of the Superior Court of Riverside County, Samuel Diaz, Jr., Judge.  Affirmed in part, vacated in part, and remanded with directions.

Mark A. Hart, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters and Julie L. Garland, Assistant Attorneys General, A. Natasha Cortina, Annie Featherman Fraser and Lynne G. McGinnis, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Jonathan Joseph Kohut of forcible oral copulation (Pen. Code,[1] § 288a, subd. (c)(2)), forcible sodomy (§ 286, subd. (c)(2)), and forcible rape (§ 261, subd. (a)(2)). It found true allegations that he committed the crimes during the course of a residential burglary (§ 667.61, subd. (e)(2)). Kohut admitted he served one prior prison term within the meaning of section 667.5, subdivision (b). The court sentenced Kohut to prison for 46 years to life as follows: consecutive terms of 15 years to life on each of the three convictions, plus one year for the prior prison term.

Kohut contends: (1) The court abused its discretion by appointing a public defender rather than private counsel of Kohut's preference; (2) the court should have sentenced him to a total of 15 years to life under the version of section 667.61, subdivision (g) in effect when he committed the crimes; and (3) the judgment must be modified to strike the section 667.5, subdivision (b) enhancement. We conclude the court did not err in appointing a public defender, and the People properly concede that Kohut's other contentions are meritorious; therefore, we affirm in part, vacate in part, and remand with directions set forth below.

## FACTUAL AND PROCEDURAL HISTORY

The victim, Jane Doe, testified that in 1996, she awakened to find a stranger in her bedroom. The man jumped on top of her, pinned her to the bed, put a pillow over her face and told her to stop screaming or he was going to kill her. The man shoved a weapon-like object against her neck and throat. He sat on Doe's chest with his knees pinning her shoulders. He then forced Doe to orally copulate him, raped and sodomized her, and again forced her to orally copulate him. He ejaculated on Doe's face and neck. He put Doe in a closet, took her purse from her car, and left. Doe testified the incident

---

[1] Undesignated statutory references are to the Penal Code.

lasted between 10 and 15 minutes.  Doe was taken to the hospital and examined.

In August 2006, two Riverside County Sheriff Department officers learned from federal law enforcement authorities that Kohut's blood and saliva samples matched the DNA from the semen found during Doe's medical exam.  In December 2006, sheriff deputies interviewed Kohut and told him about the DNA results.  He said he was sorry for what he had done and asked the deputies to apologize to Doe for him.

At the start of trial, Kohut, who was indigent, moved the court to appoint private counsel Thomas Eckhardt to represent him.  Attorney Eckhardt stated in a declaration that he was thoroughly familiar with Kohut's case and had a trusting relationship with Kohut, who feared that different counsel would treat the case as inconsequential.

The People argued in opposition that the court had properly appointed the public defender under section 987.2, and the underlying facts were not so complicated as to require appointment of private counsel instead.  The People pointed out attorney Eckhardt was then involved in a death penalty case that was scheduled to end in six weeks.

The court ruled:  "[Kohut] asked for counsel to be appointed and the public defender's office was appointed.  They do not have a conflict.  I have not been told that they have a conflict. . . . [¶] . . . [¶]  The public defender's office has the resources to do what is necessary to defend him.  And it would be inappropriate for me to not appoint the public defender and to put at [*sic*] taxpayer's expense to represent him.  [¶]  There is nothing in my mind that make[s] me believe that [Kohut] is not going to be adequately represented by the public defender's office."  The court continued, "I will give [the public defender] and the public defender's office as long as they need to get ready,

3

because I know what is involved in this case. I think that is all that is required."[2]

DISCUSSION

I.

We reject Kohut's contention the court abused its discretion by refusing his request to appoint attorney Eckhardt, his private counsel who had represented him in prior proceedings related to this case. There is no basis to reverse the judgment and remand the matter for a new trial.

Under section 987.2, subdivision (e), "the court shall first utilize the services of the public defender to provide criminal defense services for indigent defendants. . . . Nothing in this subdivision shall be construed to require the appointment of counsel in any case in which the counsel has a conflict of interest." The trial court must " 'first utilize the services of the public defender to provide criminal defense services for indigent defendants' " unless the public defender is unavailable or a conflict exists. (*Joshua P. v. Superior Court* (2014) 226 Cal.App.4th 957, 964, 967; *Williams v. Superior Court* (1996) 46 Cal.App.4th 320, 326 [concluding the trial court may not deviate from the requirement of utilizing a public defender first].) "[S]ection 987.2 'clearly limits the authority of the court to compensate assigned counsel to situations in which there is no public defender, or the public defender is unable because of a conflict of interest or other reasons to act.' " (*Joshua P. v. Superior Court*, at p. 1164; but see *People v. Daniels* (1991) 52 Cal.4th 815, 844-845 [declining to address question of whether unavailability of public defender is only circumstance in which court can appoint private counsel]; *People v. Cole* (2004) 33 Cal.4th 1158, 1186 [same]; *People v. Lancaster* (2007) 41 Cal.4th 50, 71, fn. 6 [same].) Here, as the public defender's office was

---

[2]    The parties point out that attorney Eckhardt has since died.

4

prepared to represent Kohut and it had no conflict of interest, the court did not err by declining to replace the public defender with private counsel of Kohut's choosing. (*Williams v. Superior Court*, *supra*, 46 Cal.App.4th at pp. 328-329; *Charlton v. Superior Court* (1979) 93 Cal.App.3d 858, 862-863.)

## II.

The People concede that the court erred by not sentencing Kohut in accordance with the "One Strike" law in effect in 1996 when Kohut committed the offenses. In 1996, section 667.61, subdivision (g) provided: "The term specified in subdivision (a) or (b) shall be imposed on the defendant once for any offense or offenses committed against a single victim during a single occasion." In 2006, the Legislature amended the law, eliminating former subdivision (g) and adding subdivision (i), which requires consecutive sentences "if the crimes involve separate victims or involve the same victim on separate occasions as defined in subdivision (d) of Section 667.6." (See *People v. Rodriguez* (2012) 207 Cal.App.4th 213; *People v. Jones* (2001) 25 Cal.4th 98, 107 [holding that "for the purposes of [] section 667.61, subdivision (g), sex offenses occurred on a 'single occasion' if they were committed in close temporal or spatial proximity"].)[3] The facts here show Kohut committed the crimes against one victim on a single occasion; therefore, he should be sentenced to a single term of 15 years to life.

## III.

The People also concede that Kohut's prior conviction for driving or taking a vehicle (Veh. Code, § 10851, subd. (a)) no longer qualifies for the one-

---

[3] Because Kohut committed the crimes before the amendment took effect, ex post facto principles bar applying the amended legislation to him. (See *People v. McVickers* (1992) 4 Cal.4th 81, 84 [ex post facto laws prohibit not just a burden but a more burdensome punishment].)

year prison term and should be stricken.  Effective January 1, 2020, amended section 667.5 provides that a one-year prior prison term enhancement will only apply if a defendant served a prior prison term for a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b).  The statutory amendment applies retroactively to cases, like this one, that were not final when the amendment to section 667.5 took effect.  (E.g., *People v. Jennings* (2019) 42 Cal.App.5th 664, 680-682; *People v. Lopez* (2019) 42 Cal.App.5th 337, 340-342.)

## DISPOSITION

We affirm the judgment of conviction but remand with directions for the trial court to vacate Kohut's sentence, strike the section 667.5 enhancement, resentence Kohut consistent with this opinion, and forward a certified amended copy of the abstract of judgment to the Department of Corrections and Rehabilitation.

O'ROURKE, J.

WE CONCUR:


HUFFMAN, Acting P. J.


IRION, J.