Filed 10/7/15; pub. order 10/23/15 (see end of opn.)

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re STEVEN G. WILLIAMS<br><br>on<br><br>Habeas Corpus. | D066887<br><br>(San Diego County<br> Super. Ct. No. HSC11454) |

Petition for Writ of Habeas Corpus. Stephanie Sontag, Judge. Petition denied.

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Petitioner.

Kamala D. Harris, Attorney General, Jennifer A. Neill, Assistant Attorney General, Phillip J. Lindsay and Amanda J. Murray, Deputy Attorneys General, for Respondent.

Steven G. Williams, an inmate at the R. J. Donovan Correctional Facility (Donovan) in San Diego, has filed a petition for writ of habeas corpus. Williams alleges the appeals coordinators at Donovan abused their discretion and violated his due process rights and his rights under California Department of Corrections and Rehabilitation

(CDCR) regulations by improperly cancelling his inmate appeal in which he requested that prison officials "accept liability" for various items of his personal property he claims were lost or damaged when he was transferred to Donovan from the Correctional Medical Facility (CMF). We conclude Williams has failed to demonstrate he has a protected liberty interest in the prison's administrative lost-property appeal process, and he has failed to satisfy the habeas corpus jurisdictional requirements under California law. Accordingly, we deny his petition.

FACTUAL AND PROCEDURAL BACKGROUND[1]

A. *Cancellation of Williams's Lost-Property Appeal*

On April 10, 2014,[2] Williams transferred to Donovan from the CMF. One week later, prison staff provided Williams with his personal property. One of the items, a television, was confiscated as contraband.

Williams filed an inmate appeal (lost-property appeal)—assigned log No. RJD-A-14-1831 for tracking purposes—alleging that following the transfer of his personal property from CMF to Donovan, he found some of the property was damaged or missing. He requested that CDCR "accept liability" for his loss.

The Donovan appeals coordinators rejected Williams's lost-property appeal, asserting he had failed to follow CDCR's regulations. Specifically, the appeals

---

[1] The following facts, which are primarily taken from the Attorney General's return to Williams's petition and are supported by the exhibits attached to the petition and the return, are undisputed. Williams states in his traverse that he "agrees with respondent's factual background of proceedings set forth at pages 3-6 of [the] return."

[2] All further dates are to calendar year 2014.

coordinators—citing California Code of Regulations, title 15,[3] sections 3084.3 and 3084.6, subdivisions (b)(7) and (12)—found that Williams (1) failed to include the original inmate-request form (CDCR Form 22 (the inmate-request form)) and the property inventory form (CDCR Form 1083) after the prison gave him his property on April 17; (2) improperly attached dividers and tabs to the appeal; and (3) needed to remove extraneous paper.

Williams resubmitted his rejected lost-property appeal and separately submitted an inmate-request form with a copy of his appeal explaining why he could not include the original inmate-request form and the property-inventory form regarding his allegedly lost or damaged property. The appeals coordinators rejected the appeal on the same grounds.

Williams resubmitted his rejected lost-property appeal a second time. The appeal coordinators found he needed to attach the property-inventory form with his original signature, and he needed to remove the "ducat, list of property" and the dividers and tabs attached to his appeal. The appeals coordinators did not reference the inmate-request form. They also notified Williams that his repeated failure to follow instructions could lead to the cancellation of his appeal.

Williams resubmitted his rejected lost-property appeal a *third* time. The appeals coordinators cancelled the appeal based on Williams's repeated failure to comply with CDCR's regulations and the appeals coordinators' instructions, including Williams's failure to remove the property list and his failure to attach the property-inventory form

---

[3]    All further regulatory references are to the California Code of Regulations, title 15.

3

and any inmate-request forms. The appeals coordinators advised Williams he could file an appeal challenging the cancellation of his lost-property appeal, which he did.

In this second appeal (cancellation appeal)—assigned log. No. RJD-A-14-2426 —Williams alleged his lost-property appeal was improperly cancelled because the appeals coordinators should have transferred the lost-property appeal to the CMF, and because he had informed the appeals coordinators why he could not provide the original inmate-request form to his lost-property appeal. In support of his cancellation appeal, Williams attached inmate request forms, dated June 1 and June 8, which indicated he told the appeals coordinators he could not provide the original inmate-request form or the property-inventory form to his lost-property appeal.

The appeals coordinators rejected, and then cancelled, Williams's cancellation appeal on the ground he repeatedly failed to comply with CDCR's regulations and the appeal coordinators' instructions.

B. *Williams's Petition for Writ of Habeas Corpus*

1. *Petition, informal response, order to show cause, and appointment of counsel*

After Williams filed a petition for writ of habeas corpus in the superior court, which was denied,[4] he filed, in propria persona, a petition for writ of habeas corpus in this court seeking to compel the respondent[5] to "process [his lost-property appeal] by

---

[4]    We need not, and do not, further discuss the habeas corpus proceeding Williams commenced in the superior court because he has commenced an original habeas corpus proceeding in this court by filing the pending petition.

[5]    Williams identifies the respondent as "Daniel Paramo, Warden of [Donovan]."

4

forwarding the appeal to CMF-Appeals Office in accordance with [section 3084.9[, subdivision] (f)(2)." Williams alleges the appeals coordinators at Donovan violated his due process rights and his rights under CDCR regulations by improperly cancelling his lost-property appeal.

After the Attorney General filed an informal response on respondent's behalf, this court issued an order to show cause why the relief requested by Williams should not be granted. This court appointed counsel for Williams and directed Williams to file a supplemental petition.

2. *Williams's supplemental petition*

In his supplemental petition, Williams seeks an order "direct[ing] [CDCR] to entertain [his lost-property] appeal on the merits" and to "provide [him] with the needed form 1083 [(property-inventory form)] of April 17, 2014, when his property was received at [Donovan]." Williams argues (1) his petition for writ of habeas corpus is "the proper vehicle for [him] to obtain review of his grievances," (2) he "has effectively exhausted his administrative remedies as the actions of the [CDCR] in canceling his appeal have effectively placed him in a position where he no longer has a remedy," and (3) the appeals coordinators' decision to "cancel [his lost-property] appeal based upon failure to provide a form that was simply unavailable to [him] constitutes an abuse of discretion."

3. *Attorney General's return*

In the return the Attorney General argues Williams "does not have a protected liberty interest in how his inmate appeals are processed," and thus his petition "fails to establish that prison officials infringed on a liberty interest protected under the due

5

process clause." The Attorney General further asserts Williams's petition is "also barred because he failed to exhaust his administrative remedies," and "even if a due process right exists, the appeals coordinators properly exercised their discretion to cancel Williams's appeal because he failed to comply with the [CDCR] regulations."

4. *Williams's traverse*

In his traverse Williams contends that "habeas corpus is the proper vehicle by which to obtain review of his claims" because he "is in custody[,] which meets the fundamental prerequisite for habeas corpus jurisdiction." He also contends he "has exhausted his administrative remedies as the actions of the [CDCR] in cancelling his appeal do not comply with the rules and effectively placed [him] in a position where he has no remedy. Williams further contends that, "[g]iven the totality of the circumstances, the appeal[s] coordinator[s'] decision to cancel [his] final property appeal was an abuse of discretion."

## DISCUSSION

Williams contends he is entitled to habeas corpus relief because the appeals coordinators at Donovan violated his due process rights and his rights under CDCR regulations by improperly cancelling his lost-property appeal in which he requested that prison officials "accept liability" for various items of his personal property he claims were lost or damaged when he was transferred to Donovan from the CMF. The Attorney General argues that "[p]risoners do not have a protected liberty interest in the prison's administrative appeals process either under the federal due process clause or through a state-created liberty interest." In response, Williams asserts "[h]abeas corpus is the

6

proper vehicle [for him] to obtain review of his claims" because (1) he "is in custody[,] which meets the fundamental prerequisite for habeas corpus jurisdiction"; and (2) "[p]rison conditions and administrative decisions arising after judgment are appropriate for consideration pursuant to a petition for writ of habeas corpus."

Williams's contention and assertions are unavailing. "The right to file a petition for a writ of habeas corpus is guaranteed by the state Constitution (Cal. Const., art. I, § 11), and regulated by statute ([Pen. Code,] § 1473 et seq.)." (*In re Harris* (1993) 5 Cal.4th 813, 824-825.) "The function of the writ of habeas corpus is solely to effect 'discharge' from unlawful restraint, though the illegality in respect to which the discharge from restraint is sought may not go to the fact of continued detention but may be simply as to the *circumstances under which the prisoner is held*." (*In re Chessman* (1955) 44 Cal.2d 1, 5-6, italics added.) Thus, for example, habeas corpus jurisdiction has been expanded to encompass challenges to illegal conditions of confinement such as "alleged mistreatment or illegal treatment of prisoners inside penal institutions." (*Frias v. Superior Court* (1975) 51 Cal.App.3d 919, 920, fn. 1; see also *In re Estevez* (2008) 165 Cal.App.4th 1445, 1461 ["alleged violations of the Eighth Amendment arising from inadequate medical care may be brought to courts' attention in California by means of a petition for writ of habeas corpus"].)

In *Sandin v. Conner* (1995) 515 U.S. 472 (*Sandin*), the United States Supreme Court held that an alleged deprivation occasioned by prison conditions or a prison regulation does not reach protected liberty interest status requiring procedural due process protection unless it imposes an "atypical and significant hardship on the inmate in

7

relation to the ordinary incidents of prison life." (*Id*. at p. 484; see *Wilkinson v. Austin* (2005) 545 U.S. 209, 223 ["After *Sandin*, it is clear that the touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement is not the language of regulations regarding those conditions but the nature of those conditions themselves 'in relation to the ordinary incidents of prison life.'"].)

Here, Williams acknowledges his habeas corpus petition challenges a condition of his prison confinement. As noted, he specifically challenges the manner in which the Donovan appeals coordinators processed his lost-property appeal. However, he has failed to meet his burden of showing the manner in which the appeals coordinators exercised their discretion in processing his lost-property appeal "present[s] the type of atypical, significant deprivation in which a State might conceivably create a liberty interest" (*Sandin*, *supra*, 515 U.S. at p. 486). A prison inmate's "claimed loss of a liberty interest in the processing of his [administrative] appeals does not satisfy this standard, because inmates lack a separate constitutional entitlement to a specific prison grievance procedure. (*Ramirez v. Galaza* (9th Cir. 2003) 334 F.3d 850, 860; accord, *Mann v. Adams* (9th Cir. 1988) 855 F.2d 639, 640.)

"[T]o hold as we are urged to do that *any* substantial deprivation imposed by prison authorities triggers the procedural protections of the Due Process Clause would subject to judicial review a wide spectrum of discretionary actions that traditionally have been the business of prison administrators . . . ." (*Meachum v. Fano* (1976) 427 U.S. 215, 225.)

8

Because Williams's challenge to the manner in which the appeals coordinators processed his lost-property appeal does not implicate any liberty interest protected by the due process clause, we conclude his petition for writ of habeas corpus does not meet the habeas corpus jurisdictional requirements of California law.[6]  Accordingly, his petition must be denied.

## DISPOSITION

The petition for writ of habeas corpus is denied.

NARES, Acting P. J.

WE CONCUR:

McDONALD, J.

McINTYRE, J.

---

[6]     In light of our conclusion, we need not, and do not, address Williams's remaining contentions on appeal.

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re STEVEN G. WILLIAMS<br><br>on<br><br>Habeas Corpus. | D066887<br><br>(San Diego County<br> Super. Ct. No. HSC11454)<br><br>ORDER CERTIFYING OPINION<br>FOR PUBLICATION |

THE COURT:

The opinion in this case filed October 7, 2015, was not certified for publication. It appearing the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c), the request pursuant to California Rules of Court, rule 8.1120(a) for publication is GRANTED.

IT IS HEREBY CERTIFIED that the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c); and

ORDERED that the words "Not To Be Published In the Official Reports" appearing on page 1 of said opinion be deleted and the opinion herein be published in the Official Reports.

_____
NARES, Acting P. J.

Copies to: All parties

10