Filed 1/20/26

*See concurrence*

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| STEVEN L. HARMON, ESQ. AS PUBLIC DEFENDER FOR RIVERSIDE COUNTY, | E086720 |
| Petitioner, | (Super.Ct.No. CVRI2403242) |
| v. | OPINION |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate. Dean Benjamini, Judge. Petition granted.

Steven L. Harmon, Public Defender and Aimee Vierra, Supervising Public Defender, for Petitioner.

No appearance by Respondent.

No appearance by Real Party in Interest.

1

Taiwan Orran Reed filed a petition for writ of habeas corpus in the superior court seeking relief under the California Racial Justice Act of 2020 (RJA) (Stats. 2020, ch. 317, § 1). Petitioners like Reed are entitled to appointed counsel if they are indigent and "the petition pleads a plausible allegation of a violation" of the RJA "or the State Public Defender requests counsel be appointed." (Pen. Code, § 1473, subd. (e)(5).) The question that we must decide is whether a public defender has discretion to decline to represent a petitioner seeking habeas relief, in which case the court must appoint alternate counsel.

In Reed's case, respondent superior court determined that he had made a prima facie showing of entitlement to relief, and the court issued an order to show cause and set an evidentiary hearing. After Reed's retained counsel withdrew, the court appointed the Riverside County Public Defender (the Public Defender) to represent Reed, but the Public Defender attempted to decline the appointment.[1] The court determined that the Public Defender was required to accept the appointment under Government Code section 27706, subdivision (a) (section 27706(a)), unless he was unavailable. (Unlabeled statutory citations refer to the Government Code.) The court further concluded that the Public Defender had not made such a showing of unavailability, and the court therefore compelled the Public Defender to represent Reed. The Public Defender filed the instant petition for writ of mandate challenging the court's order.

---

[1] We use "the Public Defender" to refer to the Public Defender of Riverside County and use the uncapitalized version of the term to refer to public defenders in general.

2

We hold that section 27706, subdivision (g) (section 27706(g)) governs public defenders' representation of habeas petitioners like Reed, not section 27706(a). Under section 27706(g), public defenders have discretion to decline to represent a petitioner, and they need not make any showing of unavailability. We accordingly issue a writ of mandate directing the trial court to vacate its order compelling the Public Defender to represent Reed.

BACKGROUND

In August 2020, a jury convicted Reed of pimping, pandering, human trafficking, and rape involving two victims.[2] (Pen. Code, §§ 236.1, subd. (b), 261, subd. (a)(2), 266h, subd. (a), 266i, subd. (a).) The jury also found that he committed a qualifying sex offense against multiple victims under the one strike law. (*Id.*, § 667.61, subd. (e)(4).) The trial court sentenced him to a determinate term of 21 years four months in prison, plus an indeterminate term of 30 years to life.

Reed is African American. In June 2024, he filed the petition for writ of habeas corpus seeking relief under the RJA. The trial court issued an order to show cause "why relief should not be granted on the ground that [Reed] suffered a violation of the [RJA] because the prosecutor and law enforcement witnesses who testified as experts used 'racially discriminatory language' during [his] trial, specifically by referring to [Reed] as a 'gorilla pimp.'"

---

[2]    We take judicial notice of the record in Reed's direct appeal from the judgment, *People v. Reed* (Nov. 7, 2022, E075783) [nonpub. opn.]. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

3

In April 2025, the court set an evidentiary hearing on the matter. That same month, Reed's retained counsel filed an "ex parte motion to appoint counsel for indigent defendant." (Capitalization and boldface omitted.) According to counsel's declaration, her fee agreement with Reed excluded representation in any evidentiary hearing, and he had not paid her to represent him in an evidentiary hearing. In addition, her husband had just been released from the hospital, and she needed to care for him during the ensuing six-week rehabilitation period. She stated that the emotional and mental stress caused by her husband's medical condition would make it difficult for her to focus on Reed's case.

The court treated counsel's ex parte motion as a motion to withdraw and granted the motion. Reed indicated that he did not have the ability to retain new counsel and asked the court to appoint counsel, and the court appointed the Public Defender to represent Reed. The Public Defender made "a quasi attempt at asking to be relieved" as counsel. The court then ordered the Public Defender "to submit briefing . . . addressing [his] position that the trial court did not have the authority to appoint the Office of the Public Defender to prosecute a petition for writ of habeas corpus." The court further ordered the Public Defender to (1) explain his position in light of *Bemore v. Superior Court* (2025) 108 Cal.App.5th 1125 (*Bemore*) and *Charlton v. Superior Court* (1979) 93 Cal.App.3d 858 (*Charlton*) and (2) "address the interplay between" section 27706 and Penal Code section 987.2.

The Public Defender filed a brief arguing that under section 27706(g), he had discretion to decline appointments in postconviction habeas proceedings and other

4

proceedings "beyond the core mission of trial work." He asserted that the decision to decline appointment in this case was "not a reflection on the merits" of Reed's petition. Rather, the decision was based on the office's "current resources and obligations to [its] current clients," the "lack of funding for habeas defense," and the office's "mandatory mission of representing indigent people facing charges in trial court, consistent with [section] 27706." He further argued that Penal Code section 987.2 did not affect his discretion, because it merely governed the order of priority for appointed counsel. That is, the statute gives the Public Defender priority of appointment, but if the Public Defender is unavailable for appointment, then the court must select from other options.

The court heard argument on the issue in June 2025. The People took no position on the issue. Supervising public defender Aimee Vierra appeared for the Public Defender. Vierra acknowledged that the Public Defender was obligated to accept appointments to represent defendants who were "pre-conviction," with some limited exceptions. But she reiterated that the Public Defender had discretion to decline appointments for postconviction habeas proceedings under section 27706(g). She explained: "What we're talking about here is RJA which is a habeas writ, right. And we have 13,000 people that are sentenced from this county either in state prison or through [Penal Code section 1170, subdivision (h),] still with the Sheriff's Department. That group of people sends me a habeas writ about five times a day related to conditions of confinement and other such things." Vierra asserted that the Public Defender was unable to represent all of the habeas petitioners asking the office for help. She alternatively

5

argued that Reed was "in an appellate position," and under the second sentence of section 27706(a), the Public Defender could choose whether to accept an appellate appointment.

Vierra observed that the Public Defender had chosen to represent some petitioners for purposes of RJA habeas petitions. That was because the office had recently represented those petitioners for purposes of resentencing under Senate Bill No. 483 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 728, § 3 [declaring prior prison term enhancements to be legally invalid]), and they were "open client[s]." But Reed was not one of those clients. According to Vierra, the Public Defender had requested more funding from the county executive office and wanted to be able to handle more RJA work for former clients. But the executive office had not granted the request, and the Public Defender could not help more clients "with the same zero-sum resources." She asserted that the Public Defender's dedication to preconviction clients constituted good cause to decline appointment in Reed's case.

The court asked Vierra to estimate the amount of time needed to prepare for Reed's evidentiary hearing, and she estimated roughly 30 to 40 hours of work. She explained that the Public Defender had six attorneys doing postconviction work like the resentencing proceedings under Senate Bill No. 483. Those six attorneys had well over 50 clients each, and the attorneys needed to prioritize those clients. Some of those clients were waiting "egregious amounts of time to get their cases heard and pushed forward," especially those that also had claims under the RJA. Vierra requested that the court appoint an attorney from the conflict panel or the habeas panel to represent Reed.

6

After hearing argument, the court ruled that the Public Defender was obligated to serve as Reed's appointed counsel under the first sentence of section 27706(a), and the Public Defender did not have discretion to decline the appointment. The court reasoned that according to *Charlton*, postconviction habeas writs were part of "'the proceedings'" relating to the commission of an offense within the meaning of section 27706(a). (*Charlton*, *supra*, 93 Cal.App.3d at p. 862, italics omitted.) The court distinguished between a "permissive appointment" and a "mandatory appointment," noting that an appointment under section 27706(g) was permissive. The Public Defender "has the ability to accept or decline [the] appointment. There's nothing mandatory about it." But under section 27706(a), the appointment was "mandatory," unless the Public Defender could show that the office was unavailable.

The court accordingly considered whether the Public Defender had established that the office was unavailable for appointment under Penal Code section 987.2. The court concluded: "I cannot say that based on what I heard that you're unavailable to take Mr. Reed's case. I do have concerns, and I share your concerns about the total amount of cases which could be assigned to the Public Defender's Office, how that's going to stretch your resources, I understand that. You've raised some very good points. [¶] I don't think though that for the purpose of Mr. Reed who is sitting before me, that those are points I need to consider. Now, if Mr. Reed's case was an excessively voluminous case, if it was a death penalty case for instance that had a five-month trial transcript that

7

had to be gone through and all the types of issues that are attendant with that type of situation, that might be a different story."

The court also observed that the influx of RJA cases was not "an easy situation" for anyone involved, including the Public Defender and the courts. There was "a significant amount of additional work for everyone," and "everyone's workloads are being stretched by additional tasks and additional responsibilities that we have as a result of some legislation." The court nevertheless determined that the Public Defender "remains appointed on the case."

The Public Defender filed the instant petition requesting that we issue a writ of mandate directing the trial court to vacate its order compelling the Public Defender to represent Reed. We issued an order to show cause and stayed proceedings in the trial court. Neither the People nor respondent superior court filed a return.

STANDARD OF REVIEW

The issue in this case turns on questions of statutory interpretation. We review the trial court's interpretation of a statute de novo. (*People v. Tirado* (2022) 12 Cal.5th 688, 694.) To determine the Legislature's intent and effectuate the statute's purpose, we first examine the "'statute's words and give them their usual and ordinary meaning.'" (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1126.) "We do not consider statutory language in isolation; instead, we examine the entire statute to construe the words in context. [Citation.] If the language is unambiguous, 'then the Legislature is presumed to have

8

meant what it said, and the plain meaning of the language governs.'" (*Kirzhner v. Mercedes-Benz USA, LLC* (2020) 9 Cal.5th 966, 972.)

DISCUSSION

The Public Defender does not deny that Reed is entitled to appointed counsel for purposes of his RJA habeas petition. The question is whether the Public Defender may decline the appointment, which would require the court to appoint alternate counsel. We agree with the Public Defender that he may decline. Section 27706(g) applies to public defenders' representation of indigent habeas petitioners, and under that subdivision, public defenders have discretion to decline representation.

I.      *Subdivisions (a) and (g) of section 27706 and Penal Code section 987.2*

Section 27706 establishes the duties of county public defenders. (*Erwin v. Appellate Department* (1983) 146 Cal.App.3d 715, 718.) Penal Code section 987.2 concerns the court's selection of appointed counsel. (Pen. Code, § 987.2, subds. (d), (e).)

The first sentence of section 27706(a) concerns "the trial phase of the case." (*Mowrer v. Appellate Department* (1990) 226 Cal.App.3d 264, 267 (*Mowrer*).) It states: "Upon request of the defendant or upon order of the court, the public defender shall defend, without expense to the defendant, any person who is not financially able to employ counsel and who is charged with the commission of any contempt or offense triable in the superior courts at all stages of the proceedings, including the preliminary examination." (§ 27706(a).) The first sentence thus requires public defenders to "defend . . . at all stages of the proceedings" indigent individuals who are charged with an offense,

9

and public defenders "shall" provide that defense at the individual's request or if so ordered by the court. (*Ibid.*) Public defenders generally have no "power to decline" an appointment or a request to defend an indigent person charged with a criminal offense. (*Ligda v. Superior Court* (1970) 5 Cal.App.3d 811, 827; *Williams v. Superior Court* (1996) 46 Cal.App.4th 320, 327 ["the statute requires the public defender to defend those indigent clients who request its services"].) They are "employed by the people to render such services." (*Ligda*, at p. 827.) But the court may relieve public defenders if they have a conflict of interest or otherwise show that they are unavailable.[3] (Pen. Code, § 987.2, subds. (a)(3), (d), (e); *People v. Chavez* (1980) 26 Cal.3d 334, 344-345; *Aceves v. Superior Court* (1996) 51 Cal.App.4th 584, 592.)

The second sentence of section 27706(a) further addresses public defenders' duties in the trial phase. It states: "The public defender shall, upon request, give counsel and advice to such person about any charge against the person upon which the public defender is conducting the defense . . . ." (§ 27706(a).)

The remainder of the second sentence of section 27706(a) concerns appeals in criminal cases. In relevant part, it states: "The public defender . . . shall prosecute all appeals to a higher court or courts of any person who has been convicted, where, in the

---

[3] When assessing availability for that purpose, the court may "appropriately consider the relative ability of proposed counsel to prepare for a proceeding." (*Bemore*, *supra*, 108 Cal.App.5th at p. 1154.) "The court may consider several factors, such as the number and trial age of cases an attorney already has, the expected length of those trials and their scheduled dates, as well as those of related pending motions. One other significant factor is the reliability of counsel's representation of readiness based upon past experience." (*Williams v. Superior Court*, *supra*, 46 Cal.App.4th at p. 331.)

opinion of the public defender, the appeal will or might reasonably be expected to result in the reversal or modification of the judgment of conviction." (§ 27706(a).) The second sentence "vests the office of the county public defender with the broad discretion to choose which clients it wishes to represent on appeal." (*Mowrer*, *supra*, 226 Cal.App.3d at p. 267.) Although the statute uses the phrase "'shall prosecute all appeals,'" nothing in the statute requires public defenders "to make *any* determination of the merit of the proposed appeal," which is what may trigger the duty to prosecute an appeal. (*Ibid.*) Section 27706(a) therefore "is intended to . . . (a) clothe the office of the county public defender with the discretion to prosecute any appeals that its staff of attorneys believe to be meritorious, and (b) ward off the blows of those seeking to improperly interfere with the exercise of that discretion." (*Mowrer*, at p. 267.)

The foregoing provisions of section 27706(a) have existed in a similar form since 1921, when the Legislature enacted them as part of a general enabling statute permitting cities and counties to establish public defender offices. (Stats. 1921, ch. 245, § 5, p. 355; see *Ingram v. Justice Court* (1968) 69 Cal.2d 832, 836, fn. 1 (*Ingram*), superseded on another ground by § 27707.) Over the years, the Legislature has added subdivisions to section 27706 that authorize public defenders to represent indigent parties in other circumstances.

The Legislature added subdivision (g) to section 27706 in 1975. (Stats. 1975, ch. 1125, § 2, p. 2744; Sen. Bill No. 1018 (1975-1976 Reg. Sess.); *In re Brindle* (1979) 91 Cal.App.3d 660, 679.) That subdivision states: "Upon the order of the court or upon the

11

request of the person involved, the public defender may represent any person who is not financially able to employ counsel in a proceeding of any nature relating to the nature or conditions of detention, of other restrictions prior to adjudication, of treatment, or of punishment resulting from criminal or juvenile proceedings." (§ 27706(g).)

While section 27706 governs public defenders' duties, Penal Code section 987.2 governs the court's selection of counsel to represent an indigent person "in a criminal trial, proceeding, or appeal." (*Id.*, subd. (a).) That includes the court's selection of counsel to represent a habeas petitioner in noncapital cases. (*Bemore*, *supra*, 108 Cal.App.5th at p. 1148.) The statute directs the court to "first utilize the services" of the county public defender when selecting counsel for appointment. (Pen. Code, § 987.2, subds. (d), (e).) If the county public defender is "'unavailable,'" then "the statute permits appointment of alternate defense counsel according to a specific order of priority." (*Bemore*, at p. 1152.) Alternate counsel includes the second public defender or alternate public defender, someone from a panel of contract attorneys, and any other private counsel. (Pen. Code, § 987.2, subds. (d), (e); *Bemore*, at p. 1152.) Additionally, the statute provides that alternate counsel shall be compensated from the county general fund "[i]n a case in which the court finds that, because of a conflict of interest or other reasons, the public defender has properly refused" to represent the indigent person. (Pen. Code, § 987.2, subd. (a)(3).)

II.    *Applicability of section 27706(g) to representation of habeas petitioners*

The Public Defender argues that representation of an indigent person in prosecuting a habeas petition falls under section 27706(g), not section 27706(a). He contends that the court therefore erred by compelling him to represent Reed under the first sentence of section 27706(a). We agree.

The first sentence of section 27706(a) refers to "defend[ing]" an indigent person in proceedings in which they are charged with an offense. In a similar vein, the second sentence addresses public defenders' provision of counsel and advice about charges on which they are "conducting the defense." (*Ibid*.) But section 27706(g) refers more broadly to "represent[ing]" an indigent person "in a proceeding of any nature." The petitioner seeking a writ of habeas corpus is not defending a criminal action—they are prosecuting the writ. (Pen. Code, § 1473, subd. (a) ["A person unlawfully imprisoned or restrained of their liberty, under any pretense, may prosecute a writ of habeas corpus to inquire into the cause of the imprisonment or restraint"].) Moreover, habeas petitions are "separate actions" (*Briggs v. Brown* (2017) 3 Cal.5th 808, 839) and "special proceeding[s]" that are "not entirely analogous to either" civil or criminal proceedings (*In re Scott* (2003) 29 Cal.4th 783, 815, fn. 6). Habeas petitions thus fit squarely within the language of section 27706(g) providing for public defenders to represent individuals (not defend them) in a proceeding of any nature.

This court's decision in *Polakovic v. Superior Court* (1972) 28 Cal.App.3d 69 (*Polakovic*) is instructive. Private counsel in that case sought compensation under Penal Code section 987.2 for representing an indigent person in prosecuting two petitions for writ of prohibition. (*Polakovic*, at pp. 71-72.) We held that Penal Code section 987.2 authorized the compensation. (*Polakovic*, at p. 76.) Our conclusion was based in part on then-recent changes to the statutory language. (*Id.* at pp. 72-73.) The former version of the statute authorized compensation "'[i]n any case in which counsel is assigned in the superior court to defend a person . . . who is charged therein with the commission of a crime.'" (*Id.* at p. 72.) The amended statute changed the "wording from one appointed to 'defend' an indigent 'charged therein' to one appointed to 'represent' an indigent in a 'criminal trial, proceeding or appeal.'" (*Id.* at pp. 72-73.) We concluded that the amendment "clearly broaden[ed] the scope of the statute," and counsel "was representing his client in a 'criminal trial, proceeding or appeal'" when he prosecuted the writ petitions. (*Id.* at p. 73.) Counsel's request for compensation therefore was "consistent with the statutory language." (*Ibid.*)

Consistent with *Polakovic*, our interpretation of section 27706 gives effect to the Legislature's decision to use different terms to describe public defenders' roles in different circumstances. The statute uses "defend" when describing public defenders' duty to provide a defense in the superior court but not when describing their authority to act beyond providing a defense. In that instance, they are "prosecut[ing]" appeals (§ 27706(a)) or "represent[ing]" petitioners in other "proceeding[s]" (§ 27706(g)). "It is

a cardinal rule of construction that the several parts of a statute must be read together and harmonized, when reasonably possible, so as to discover and give effect to the intent of the Legislature." (*Ingram*, *supra*, 69 Cal.2d at p. 839.)

Habeas petitions also fit within the further description of proceedings in section 27706(g). The subdivision applies to proceedings "relating to the nature or conditions of detention, of other restrictions prior to adjudication, of treatment, or of punishment resulting from criminal or juvenile proceedings." (§ 27706(g).) That list describes challenges properly brought in habeas proceedings.

A "necessary prerequisite for issuance of the writ [of habeas corpus] is the custody or restraint of the petitioner by the government." (*People v. Villa* (2009) 45 Cal.4th 1063, 1068.) An "individual in custody for a crime (or alleged crime) may—within limits—challenge the legality of that detention on habeas corpus. A petitioner in custody can also challenge the conditions of confinement, a challenge related not to the petitioner's underlying conviction but instead to his or her actual confinement." (*Id.* at p. 1069.) In addition, habeas jurisdiction lies to challenge "'alleged mistreatment or illegal treatment of prisoners inside penal institutions'" (*In re Williams* (2015) 241 Cal.App.4th 738, 743) or the claimed failure to provide proper treatment to defendants declared mentally incompetent (*In re Lerke* (2024) 107 Cal.App.5th 685, 696). Habeas review also is available to challenge a purportedly illegal sentence. (*In re Harris* (1993) 5 Cal.4th 813, 839, disapproved on another ground by *Shalabi v. City of Fontana* (2021) 11 Cal.5th 842, 855 & fn. 5.)

Challenges to the legality of a petitioner's detention and the conditions of their confinement are proceedings "relating to the nature or conditions of detention." (§ 27706(g).) Challenges to a petitioner's alleged improper treatment are proceedings "relating to the nature or conditions . . . of treatment." (*Ibid.*) And challenges to a petitioner's sentence are proceedings "relating to the nature or conditions . . . of punishment." (*Ibid.*)

Moreover, challenges "relating to the nature or conditions . . . of other restrictions prior to adjudication" may also be brought by habeas petitions. (§ 27706(g).) According to the legislative history for section 27706(g), "restrictions imposed prior to adjudication" include things like the "setting of bail, travel restrictions, etc." (Assem. Off. of Research, 3d reading analysis of Sen. Bill No. 1018 (1975-1976 Reg. Sess.), pp. 1-2.) "Habeas corpus is an appropriate vehicle by which to raise questions concerning the legality of bail grants or deprivations." (*In re McSherry* (2003) 112 Cal.App.4th 856, 859.) And conditions of pretrial release may also be challenged by way of a habeas petition. (See *In re Webb* (2019) 7 Cal.5th 270, 272-273 [petitioner challenging a condition of release on bail]; *In re York* (1995) 9 Cal.4th 1133, 1138-1139 [petitioners challenging conditions of release on their own recognizance].)

In sum, habeas proceedings are "proceeding[s] of any nature" in which public defenders may "represent" the petitioner, not defend the petitioner, and section 27706(g) describes the types of challenges brought in habeas proceedings. (§ 27706(g).) The plain

language of the statute demonstrates that the Public Defender's representation of a habeas petitioner falls under section 27706(g), not section 27706(a).

The trial court relied on *Charlton* to conclude otherwise. To the extent that *Charlton* can be read to require a contrary conclusion, we disagree with *Charlton*.

The indigent habeas petitioner in *Charlton* wanted his privately retained counsel to continue to represent him by court appointment. (*Charlton*, *supra*, 93 Cal.App.3d at pp. 860, 863.) The trial court determined that it had to appoint the county public defender to represent the habeas petitioner, and the public defender was available to accept the appointment. (*Id.* at pp. 860, 863.) The petitioner then sought a writ of mandate compelling the trial court to appoint his private counsel. (*Id.* at p. 860.) The *Charlton* court denied the petition for writ of mandate, holding: "[I]n habeas corpus proceedings in which an indigent petitioner is entitled to and desires appointed counsel, the court is required to appoint the public defender if there is one, provided the public defender does not have a conflict of interest or cannot represent the petitioner for other good cause." (*Id.* at p. 863.)

*Charlton* reasoned that Penal Code section 987.2 "applies to habeas corpus proceedings by implication," because "it refers to the appointment of assigned counsel for indigents 'in a criminal trial, proceeding or appeal.'" (*Charlton*, *supra*, 93 Cal.App.3d at p. 862.) Moreover, under Penal Code section 987.2, the trial court had no authority to assign private counsel unless the county had no public defender or "the public defender is unable because of a conflict of interest or other reasons to act."

17

(*Charlton*, at p. 863.)  But the county public defender was available in *Charlton*, so those exceptions did not apply.  (*Ibid.*)  The court also reasoned:  "Government Code section 27706, subdivision (a) requires that the public defender must upon request represent any indigent 'who is charged with the commission of any contempt or offense triable in the superior, municipal or justice courts at all stages of the *proceedings*.'  The habeas corpus hearing is necessarily a *proceeding* relating to the commission of an offense within the courts listed."  (*Id.* at p. 862.)  That is the only reference to section 27706 in the opinion, and the case does not contain any further analysis of section 27706.

Charlton *does not persuade us that section 27706(a) requires public defenders to represent indigent habeas petitioners.  "The scope of the '[l]anguage used in any opinion'" must "'be understood in the light of the facts and the issue then before the court, and an opinion is not authority for a proposition not therein considered.'"  (*V Lions Farming, LLC v. County of Kern* (2024) 100 Cal.App.5th 412, 423.)  The public defender was not attempting to decline the appointment in *Charlton*, so there was no dispute about whether the public defender had the authority to do that under section 27706 or about which subdivision of section 27706 applied—subdivision (a) or subdivision (g).  In that respect, *Charlton*'s statement that a habeas hearing is necessarily a "stage[] of the proceedings" within the meaning of section 27706(a) must be understood as limited. Regardless of whether the court appointed the county public defender under subdivision (a) or subdivision (g) of section 27706, Penal Code section 987.2 determined the result in *Charlton*.

18

Moreover, *Charlton* failed to recognize that section 27706(a) requires public defenders to "defend" an indigent person, not "represent" them. (*Charlton*, *supra*, 93 Cal.App.3d at p. 862.) It failed to acknowledge that section 27706(g) applies to the broader circumstances in which public defenders "may represent" petitioners in "a proceeding of any nature." And it failed to acknowledge that section 27706(g) describes typical habeas challenges. *Charlton* did not even acknowledge that section 27706(g) exists. We consequently disagree with *Charlton*'s analysis to the extent that the court concluded that section 27706(a) governs public defenders' representation of habeas petitioners.[4]

The trial court asked the Public Defender to explain his position in light of *Bemore* as well. *Bemore* does not compel a different result. That case did not interpret section 27706, and the opinion does not cite section 27706. Rather, *Bemore* concerned the trial court's selection of appointed counsel under Penal Code section 987.2. (*Bemore*, *supra*, 108 Cal.App.5th at pp. 1134-1135.) Over the petitioner's objection, the trial court appointed the county public defender to represent the petitioner in prosecuting his RJA habeas petition. (*Bemore*, at p. 1134.) The public defender wanted to represent the petitioner (*id.* at p. 1158), but the petitioner wanted to be represented by private counsel

---

[4]     We are similarly unpersuaded by the concurring opinion, which relies on *Charlton* to conclude that the first sentence of section 27706(a) governs the Public Defender's duty to represent Reed. (Conc. opn., *post*, at pp. 1, 5-7.) We also note that the concurring opinion appears to be inconsistent with this court's opinion in *Gardner v. Appellate Division of Superior Court* (2019) 41 Cal.App.5th 1139 (*Gardner*). *Gardner* concluded that the first sentence of section 27706(a) "applies only in 'the trial phase'" of a case. (*Gardner*, at p. 1145.)

who had represented him in prior habeas proceedings. (*Id.* at pp. 1133-1134.) *Bemore* vacated the order appointing the county public defender and directed the court to appoint the requested private counsel on the basis of various provisions in Penal Code section 987.2. (*Bemore*, at p. 1135.) The case has no bearing on which subdivision of section 27706 governs public defenders' representation of habeas petitioners.

Finally, *Ingram* is the only California Supreme Court case to address the applicability of section 27706 to writ proceedings, and our interpretation of section 27706 is consistent with *Ingram*. Our high court decided *Ingram* before the Legislature added subdivision (g) to section 27706 in 1975. The case involved a postconviction motion to set aside the judgment, "i.e., a petition for writ of error *coram nobis*." (*Ingram*, *supra*, 69 Cal.2d 832 at p. 843.) The county public defender was representing the movant and argued that the movant was denied the right to counsel when he was convicted eight years earlier. (*Id.* at p. 835.) The issue in *Ingram* was whether the trial court had the power to review the public defender's determination that an accused who requested the public defender's services was indigent. (*Id.* at pp. 834-835.) *Ingram* held that the trial court could not review that determination, even if the accused requests the public defender's services "for a collateral attack on a final judgment rather than a defense to a pending charge."[5] (*Id.* at p. 835.)

---

[5] In response to *Ingram*, the Legislature enacted section 27707, which provides that the court "may make the final determination in each case as to whether a defendant or person described in Section 27706 is financially able to employ counsel and qualifies for the services of the public defender." (§ 27707, subd. (a); *Roswall v. Municipal Court* (1979) 89 Cal.App.3d 467, 471.)

*Ingram* reasoned that section 27706(a) did not preclude the public defender from representing an indigent person in writ proceedings attacking the final judgment. (*Ingram*, *supra*, 69 Cal.2d at p. 843.)  The court observed that the statute "directs the public defender to represent indigents 'charged with the commission of any . . . offense'; but it also directs him to do so 'at all stages of the proceedings,' and in particular to prosecute on behalf of such persons 'all appeals to a higher court . . . where, in his opinion, the appeal will or might reasonably be expected to result in the reversal or modification of the judgment of conviction.'" (*Ibid.*)  The court explained that a *coram nobis* petition is "'"part of the proceedings"'" in a criminal case, and "'the questions that may be raised on *coram nobis* are as crucial as those that may be raised on direct appeal.'" (*Ibid.*)  The court accordingly concluded that if "the public defender reasonably believes that a judgment, although final, is so defective as to be subject to a successful collateral attack, whether by *coram nobis* or habeas corpus, it does no violence to the statute to allow him to represent such an indigent at the latter's request." (*Ibid.*)

According to *Ingram*, public defenders were "allow[ed]" to represent *coram nobis* and habeas petitioners, because those proceedings were analogous to direct appeals. (*Ingram*, *supra*, 69 Cal.2d at p. 843; see *Gardner*, *supra*, 41 Cal.App.5th at p. 1146 [*Ingram* held that "by using the word 'appeals,' the Legislature did not intend to exclude collateral attacks that are the functional equivalent of appeals"].)  But the court did not conclude, like the trial court in this case, that public defenders are *required* to represent petitioners under the first sentence of section 27706(a).  Moreover, because our high

21

court decided *Ingram* before section 27706(g) existed, the court had no occasion to consider whether that subdivision applies to public defenders' representation of writ petitioners seeking postconviction relief. *Ingram* consequently does not change our interpretation of section 27706.

For all of these reasons, we conclude that the Public Defender's representation of an indigent person in prosecuting a habeas petition falls under section 27706(g), not section 27706(a). The trial court erred by ordering the Public Defender to represent Reed under the first sentence of section 27706(a).

III.    *Discretion to decline representation under section 27706(g)*

The Public Defender also argues that under section 27706(g), he had discretion to decline to represent Reed. We agree, and we accordingly conclude that the trial court's reliance on section 27706(a) was prejudicial.

Public defenders have no power to decline an appointment to defend an indigent person in the trial phase of a case, but they may be relieved if they have a conflict of interest or make some other showing of unavailability. That is because the first sentence of section 27706(a) states that public defenders "shall defend" indigent individuals. "Ordinarily, the term 'shall' is interpreted as mandatory and not permissive. Indeed, 'the presumption [is] that the word "shall" in a statute is ordinarily deemed mandatory and "may" permissive.'" (*People v. Standish* (2006) 38 Cal.4th 858, 869.)

The distinction between "shall" and "may" is "particularly acute when both words are used in the same statute." (*Woodbury v. Brown-Dempsey* (2003) 108 Cal.App.4th 421, 433.) That is the case here. In contrast to section 27706(a), section 27706(g) uses the term "may"—public defenders "may represent" indigent individuals in certain proceedings, upon request or upon order of the court. No other subdivision in section 27706 uses "may" to describe public defenders' representation of the indigent. The subdivisions all state that public defenders shall defend, shall represent, or shall prosecute appeals or actions for the indigent (§ 27706, subds. (b)-(f)), although some subdivisions condition public defenders' duty on their assessment of the case. (E.g., *id.*, subd. (c) [upon request, the public defender shall defend an indigent person in civil litigation if "in the judgment of the public defender, the person is being persecuted or unjustly harassed"].)

"May" means "you can do it if you want, but you aren't being forced to." (*County of Orange v. Bezaire* (2004) 117 Cal.App.4th 121, 129.) That plain meaning of the term applies to section 27706(g): Public defenders may represent the indigent in proceedings described by section 27706(g) if they are so inclined, but they are not required to do so. They may instead decline the request by the indigent or decline the appointment by the court.

Our interpretation is consistent with how courts have treated the similarly discretionary provision regarding appeals in section 27706(a). For instance, in *Mowrer*, the public defender declined to represent the defendant on appeal from the judgment in a

23

misdemeanor case. (*Mowrer*, *supra*, 226 Cal.App.3d at p. 266.) The public defender

failed to opine that the appeal would not "reasonably be expected to result in the reversal

or modification of the judgment of conviction" (§ 27706(a)), and the appellate division

refused to relieve the public defender unless he made a statement to that effect. (*Mowrer*,

at p. 266.) *Mowrer* held that the appellate division could not compel the public defender

to prosecute the appeal or file a "declaration of no merit." (*Id.* at pp. 267-268.) Rather,

section 27706(a) "vests the office of the county public defender with the broad discretion

to choose which clients it wishes to represent on appeal." (*Mowrer*, at p. 268.) The court

had no "power to appoint the public defender in an appeal against his or her will."[6]

(*Gardner*, *supra*, 41 Cal.App.5th at p. 1145.)

Because section 27706(g) empowers the Public Defender to decline to represent

Reed, the trial court's application of section 27706(a) in this case was prejudicial. The

---

[6]     The concurring opinion states that "[e]xcept for subdivision (g), all of the other provisions of section 27706 relate to situations in which a statutory or constitutional right to counsel exists." (Conc. opn., *post*, at p. 4.) That is incorrect. For example, subdivision (b) of section 27706 relates to "prosecut[ing] actions for the collection of wages and other demands . . . where the sum involved does not exceed one hundred dollars," and subdivision (c) relates to defending any indigent person "in any civil litigation." We are unaware of any statutory right to counsel in the cases described by subdivisions (b) and (c), and there generally is no constitutional right to counsel in civil cases. (*Walker v. State Bar* (1989) 49 Cal.3d 1107, 1116.)
        The concurring opinion further states that section 27706(g) "is the only subdivision for which the public defender's duties to an indigent person are not mandatory." (Conc. opn., *post*, at p. 4.) That too is incorrect. For example, section 27706(a) gives public defenders discretion to decline to represent defendants on direct appeal (*Mowrer*, *supra*, 226 Cal.App.3d at p. 268), even though defendants have a constitutional right to counsel "on the first appeal granted as a matter of right from a criminal conviction" (*People v. Delgadillo* (2022) 14 Cal.5th 216, 224). Public defenders have no mandatory duty to represent indigent defendants on appeal.

Public Defender tried to decline the appointment to represent Reed. The court could not have compelled the Public Defender to accept the appointment if it had properly applied section 27706(g). Indeed, the court acknowledged as much when it described an appointment under section 27706(g) as "permissive" and explained its application as follows: "The Court appoints and then the Public Defender's Office has the ability to accept or decline appointment. There's nothing mandatory about it." But the court determined that section 27706(g) did not apply to this case. It thus is reasonably probable that the Public Defender would have obtained a more favorable result in the absence of the court's error. (*People v. Watson* (1956) 46 Cal.2d 818, 836.) We therefore vacate the court's order compelling the Public Defender to represent Reed.

To summarize, the first sentence of section 27706(a) concerns public defenders' duty to defend indigent individuals in the trial phase of a case, but it does not apply to public defenders' representation of indigent individuals in habeas proceedings. Section 27706(g) applies to those circumstances. And under section 27706(g), public defenders have discretion to decline a request for representation or an order of appointment. Reed is entitled to counsel for purposes of his RJA habeas petition, but the court must appoint someone other than the Public Defender. The Public Defender has "properly refused" the appointment and consequently is "unavailable." (Pen. Code, § 987.2, subds. (a)(3), (d), (e).)

## DISPOSITION

The previously ordered stay is dissolved.  The petition for writ of mandate is granted.  Let a peremptory writ of mandate issue directing the superior court to (1) vacate its order compelling the Public Defender to represent Reed for purposes of his habeas petition and (2) appoint someone other than the Public Defender to represent Reed for that purpose.

CERTIFIED FOR PUBLICATION

MENETREZ_____
                                                                                        J.

I concur:

MILLER_____
                        J.

26

[E086720 *Harmon v. SC; People*]

RAMIREZ, P. J., Concurring.

The majority holds that the right to counsel for a petitioner seeking a writ of habeas corpus pursuant to the California Racial Justice Act of 2020 (RJA; Stats. 2020, ch. 317, § 1), is governed by subdivision (g) of Government Code[1] section 27706, and that the public defender has discretion to decline representation. (Maj. opn., p. 2.) I respectfully disagree. In my opinion, the issuance of the order to show cause (OSC) automatically triggered the provisions of Penal Code section 1473, subdivision (e), the right to appointment of counsel, which, in turn, triggered the public defender's duty to accept the appointment pursuant to section 27706, subdivision (a), absent unavailability or a conflict of interests. I concur, however, with the result, remanding the matter to the superior court, to determine if the public defender has a conflict of interests, as indicated in the lower court proceedings, or is unavailable, within the meaning of Penal Code section 987.2.

The case is governed by Penal Code section 1473, subdivision (e), which provides, "[t]he petition shall state if the petitioner requests appointment of counsel and **the court shall appoint counsel** if the petitioner cannot afford counsel and either the petition alleges facts that would establish a violation of subdivision (a) of Section 745, or the State Public Defender requests counsel be appointed." Here, an OSC was issued so the appointment of counsel was required, not permitted.

---

[1] All further statutory references are to the Government Code unless otherwise indicated.

1

Because a defendant has a statutory right to appointment of counsel upon the issuance of an OSC respecting a petition for writ of habeas corpus filed pursuant to Penal Code section 745, the public defender does not have discretion to decline appointment pursuant to section 27706, subdivision (g), which applies only when there is no statutory or constitutional right to the appointment of counsel.

When a person is entitled to appointed counsel, "the trial court must 'first utilize the services of the public defender to provide criminal defense services for indigent defendants' unless the public defender is unavailable or a conflict exists." (*Joshua P. v. Superior Court* (2014) 226 Cal.App.4th 957, 964; see Pen. Code, § 987.2, subd. (e) [authorizes the superior court to appoint private counsel upon a finding of "good cause" if the public defender is "unavailable"]; *Williams v. Superior Court* (1996) 46 Cal.App.4th 320, 326; *Cain v. Superior Court* (2025) 110 Cal.App.5th 639, 654 [disqualification of the public defender's office was error because the office no longer possessed confidential information regarding its prior defense of another person, tried for the same murder with which defendant was charged, and there was no evidence of an actual or potential conflict of interests].)

In *Bemore v. Superior Court* (2025) 108 Cal.App.5th 1125 (*Bemore*), the reviewing court concluded that Penal Code section 987.2 applied to RJA proceedings and required the superior court to give priority to the primary public defender when selecting counsel for court appointment in superior court. (*Bemore, supra*, at p. 1152.) I agree with that conclusion and therefore disagree that the provisions of section 27706,

2

subdivision (g), govern in cases where an OSC has issued and the right to counsel has been triggered.  I explain further.

Subdivision (g) of section 27706 applies to cases where no statutory or constitutional right to counsel yet exists.  It states, "Upon the order of the court or upon the request of the person involved, the public defender may represent any person who is not financially able to employ counsel **in a proceeding of any nature relating to the nature or conditions of detention, of other restrictions prior to adjudication, of treatment, or of punishment resulting from criminal or juvenile proceedings**."  The subdivision refers specifically to conditions of confinement, to which the RJA does not apply, and, by extension, to initial petitions for which there is no statutory right to counsel and no OSC has issued.  (See *In re Brindle* (1979) 91 Cal.App.3d 660, 679–680 [habeas corpus granted to allow the public defender to consult with two inmates suspected of a crime, but who had not been charged].)

I interpret the legislative references to "detention, of other restrictions prior to adjudication, of treatment, or of punishment" (§ 27706, subd. (g)) to refer to conditions of pretrial confinement as well as postconviction conditions in prison (or, as in the case of mentally disordered offenders or sexual offenders, state hospitals) which violate the right or privileges retained by persons in custody, which present actual or potential deprivation of civil rights or conditions which render a punishment cruel or unusual.  As for that genre of petition, there is an extensive and detailed administrative process for inmates to seek redress for complaints, and an administrative appeal procedure, that must be exhausted before judicial relief may even be initiated.  (See *Wright v. State of California*

(2004) 122 Cal.App.4th 659, 664–665.)  In such cases, there is no ripe right to counsel so representation by the public defender is discretionary.

Subdivision (g) of section 27706 does not apply to persons who are entitled by statute or constitutional provision to the appointment of counsel.  Except for subdivision (g), all of the other provisions of section 27706 relate to situations in which a statutory or constitutional right to counsel exists,[2] and in which the Legislature has provided that "upon request, the public defender *shall*" perform certain duties.  (Italics added.)

Section 27707, subdivision (a), added in 2021 (Stats. 2020, ch. 92; Assem. Bill No. 1869), further explains that "The court in which the proceeding is pending may make the final determination in each case as to whether a defendant or person described in Section 27706 is financially able to employ counsel and qualifies for the services of the public defender.  The public defender *shall*, however, render legal services as provided in subdivisions (a), (b) and (c) of Section 27706 for any person the public defender determines is not financially able to employ counsel until such time as a contrary determination is made by the court."  (Italics added.)  Thus, subdivision (g) of section 27706 is the only subdivision for which the public defender's duties to an indigent person are not mandatory.

In 2022, the Legislature amended section 1473, subdivision (e), "to require trial courts to appoint habeas counsel upon request 'if the petitioner cannot afford counsel,' and 'either the petition alleges facts that would establish a violation of [the RJA] or the

---

[2] See *Yarbrough v. Superior Court* (1985) 39 Cal.3d 197, 200, reaffirming *Payne v. Superior Court* (1976) 17 Cal.3d 908, 922–923 [addressing § 27706, subd. (c)].

4

State Public Defender requests counsel be appointed.'" (*Bemore*, *supra*, 108 Cal.App.5th at p. 1133; see *People v. Wilson* (2024) 16 Cal.5th 874, 945; *McIntosh v. Superior Court* (2025) 110 Cal.App.5th 33, 46.)

In fact, the California Rules of Court require that, "On issuing an order to show cause, the court must appoint counsel for any unrepresented petitioner who desires but cannot afford counsel." (Cal. Rules of Court, rule 4.551(d)(1).) Penal Code section 987.2 refers to the appointment of assigned counsel for indigents "in a criminal trial, *proceeding*, or appeal." (Italics added.) "A hearing on a petition for a writ of habeas corpus is a *proceeding* within that provision of the Penal Code. Furthermore, [section 27706], subdivision (a) requires that the public defender must upon request represent any indigent 'who is charged with the commission of any contempt or offense triable in the superior, municipal or justice courts at all stages of the *proceedings*." (*Charlton v. Superior Court* (1979) 93 Cal.App.3d 858, 862 (*Charlton*).)

The majority disagrees with the analysis of *Charlton* (maj. opn., p. 19), although the Supreme Court has, on at least two occasions, declined to decide whether the trial court has discretion to appoint private counsel when the public defender is available, without criticism or limitation of the holding. (See *People v. Cole* (2004) 33 Cal.4th 1158, 1186; *People v. Daniels* (1991) 52 Cal.3d 815, 844–845.)

In footnote 4 of the majority opinion, the majority refers to this court's decision in *Gardner v. Appellate Division of the Superior Court* (2019) 41 Cal.App.5th 1139 (*Gardner*), incorrectly indicating that my concurrence is inconsistent with my earlier opinion. Only if apples are oranges. It is true that in *Gardner* we recounted the two

5

sentences of section 27706, subdivision (a), noting that "[t]he first sentence of section 27706[, subdivision] (a) allows a court to appoint the public defender to represent a defendant 'at all stages of the proceedings.' *Erwin* [*v. Appellate Department* (1983) 146 Cal.App.3d 715], however, necessarily implied that this does not include a defendant's appeal from a misdemeanor conviction. Moreover, *Mowrer* [*v. Appellate Department* (1990) 226 Cal.App.3d 264] came right out and held that the first sentence applies only in 'the trial phase.'" (*Gardner*, *supra*, at p.1145.) We agreed with those observations (*ibid.*), but they were not the ratio decidendi or holding of the case.

Instead, we acknowledged that, pursuant to the Supreme Court's holding in *Gardner v. Appellate Division of Superior Court* (2019) 6 Cal.5th 998, "a pretrial prosecution appeal of a suppression order also qualifies as a critical stage of the prosecution at which the defendant has a right to appointed counsel as a matter of state constitutional law." (*Id.* at p. 1005.) We further noted that the appeal was not interlocutory (which would pertain to the second sentence of subdivision (a) of section 27706), and that a felony defendant in such a situation "an indigent defendant would normally be represented by appointed counsel other than the public defender. We see no reason for a different outcome in a misdemeanor case." (*Gardner*, *supra*, 41 Cal.App.5th at p. 1147.)

This instant case is on much different procedural footing because the defendant filed a postconviction petition for which he is entitled to appointment of counsel pursuant to Penal Code section 1473, subdivision (e), upon a proper showing. In short, the *Gardner* decision is completely inapposite. Here, having made the requisite showing,

6

resulting in the issuance of the OSC; he is entitled by statute to appointment of counsel. (*Charlton*, *supra*, 93 Cal.App.3d at p. 862.) Subdivision (g) of section 27706 does not provide the public defender with the discretion to decline appointments where the right to counsel exists. Such a holding in this case would result in a fiscal tsunami for counties throughout the state.

Notwithstanding my disagreement with the analysis by the majority, I also noted that in the present case, the public defender's petition for extraordinary relief indicated he filed a declaration in the superior court indicating the existence of a conflict of interests, in addition to his reliance on the provisions of section 27706, subdivision (g), to decline the appointment. Apparently the declaration did not indicate the public defender was unavailable, although it was not appended to the petition for writ of mandate. Because a conflict of interests is one of the situations recognized by Penal Code section 987.2, as a valid reason for the public defender to decline an appointment which it would otherwise have a duty to accept, I agree that remand is needed to permit the public defender to clarify whether a conflict exists. For this reason, I concur in the result.

RAMIREZ           
P. J.